**Russell BUFALINO, Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

**No. 17140.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 23, 1963.

Decided June 6, 1963.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. Gil Zimmerman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Max Frescoln, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, DANAHER and WRIGHT, Circuit Judges.

**J. SKELLY WRIGHT, Circuit Judge.**

Appellant is an alien, a native and citizen of Italy. He has, however, been a resident of this country since age 10. In proceedings not relevant here, he was ordered deported. The validity of that deportation order can no longer be challenged. See Bufalino v. Holland, 3 Cir., 277 F.2d 270 (1960), cert. denied, 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85 (1960). In these proceedings, he asks judicial review of the administrative denial of two applications for discretionary relief filed in connection with his deportation case. On motion of appellee, the District Court granted summary judgment. We reverse and require a hearing in the District Court on the issue of prejudgment. We do not reach the other issues urged on appeal.

The two applications in suit arise under Sections 249[1] and 243(h)[2] of the Immigration and Nationality Act. In his § 249 application, appellant prays for the grant of permanent resident status, alleging that he has been a resident alien since before 1940. The District Director,[3] Immigration and Naturalization Service, Philadelphia, Pennsylvania, denied appellant's application for permanent resident status under § 249, stating: " * * * you have failed to demonstrate that you are a person who merits favorable consideration of your application to be accorded permanent resident status. Therefore, in the exercise of discretion, I deny your application." The Regional Commissioner affirmed the order of the District Director. Efforts by appellant to have the matter certified to the Assistant Commissioner, Examinations, Immigration and Naturalization Service, Washington, D. C., were unavailing. Thus action on the § 249 application was brought to a final administrative conclusion.

In his § 243(h) application, appellant alleged physical persecution if returned to Italy, and asked for a temporary stay of deportation. In accord with the regulations promulgated to implement § 243 (h),[4] this application for temporary suspension of deportation was first considered by a Special Inquiry Officer and, on appeal from his ruling, the Regional Commissioner, both of whom denied it.

Appellant then brought this action in the District Court, invoking the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C. § 1009. He alleged, *inter alia,* in the District Court that the Immigration Service had prejudged his applications and asked for an evidentiary hearing on the issue of prejudgment. When the District Court granted appellee's motion for summary judgment, appellant brought this appeal. He attacks the District Court's judgment on several fronts, including its failure to grant a hearing on the issue of prejudgment.

In his complaint in the District Court, appellant alleged:

"40. On December 17, 1957, the Department of Justice issued a press release announcing plaintiff's arrest in deportation proceedings and stating: 'His arrest is one of the first results of an intensified campaign for vigorous enforcement of federal laws against racketeers.'

"41. On September 2, 1958, the Department of Justice announced that: 'Bufalino was a member of the crime convention held at Apalachin, New York, on November 14, 1957.'

"42. That the Department of Justice announced on or about August 6, 1958, that it was conducting: 'a drive against aliens and natural-

---

1. 72 Stat. 546, 8 U.S.C. § 1259.

2. 66 Stat. 212, 8 U.S.C. § 1253(h).

3. At the time of these proceedings, the regulations delegated the Attorney General's § 249 authority to the District Director and to the Regional Commissioner on appeal. 8 C.F.R. § 103.1 (Supp.1961) and 8 C.F.R. § 249.1 (Supp. 1961).

8 C.F.R. § 243.3(b) (2).

ized citizens who took part in the crime convention,' at Apalachin.

"43. That in May, 1958, the Attorney General announced that he had prepared a list of a hundred names and that his drive to convict and/or deport would be aimed at these individuals. He further stated that publication of the names of these individuals 'might be attacked as prejudicial in the event of trial'.

"44. That plaintiff was one of the hundred persons included on the foregoing list.

"45. That the Commissioner of Immigration advised the Senate Immigration Committee that plaintiff was prominent in labor racketeering circles in Eastern Pennsylvania.

"46. That after assuming office, on or about February 1, 1961, the defendant announced a drive to convict and/or deport one hundred persons.

"47. That plaintiff is one of the hundred persons included on defendant's list.

"48. That the subordinates of defendant were made aware and had knowledge of the fact that plaintiff was listed on the crime drives of defendant and his predecessor prior to the decisions herein.

"49. That prior to assuming office, defendant, as counsel for the Senate Committee, prepared and approved a report stating that plaintiff was a notorious member of the underworld and he accused plaintiff of other improper activities.

"50. That the foregoing views of defendant were known to his subordinates prior to the rendition of the administrative decision herein.

"51. That under the regulations the District Director and the Regional Commissioner were invested with discretion to grant a stay herein and to grant plaintiff permanent residence.

"52. That by reason of the foregoing, the instant case was prejudged.

"53. That in view of the public announcements of the defendant and the Department of Justice and the directives issued with regard to plaintiff, the Regional Commissioner was not permitted and did not exercise his discretion vested in him by the regulations of the Immigration and Naturalization Service."

The appellee did not deny or explain any of these allegations by answer, in his motion for summary judgment, or in his "Defendant's Statement of Material Facts as to Which There is No Genuine Issue" filed with the District Court in support of his motion for summary judgment.

The facts and issues in Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), are remarkably close to the present case. There Accardi, having been ordered deported, applied to the Immigration Service for discretionary relief in the form of a suspension of deportation under § 19(c) [5] of the Immigration Act of 1917. Under the regulation [6] promulgated pursuant to this section, the discretion to grant the relief authorized by the statute was delegated to the Board of Immigration Appeals. Accardi alleged that the Board had prejudged his application for suspension of deportation because he, Accardi, was on a "confidential list of 'unsavory characters' whom [the Attorney General] wanted deported," id. 347 U.S. at 267, 74 S.Ct. at 503, and that this list was "circulated" among the members of the Board of Immigration Appeals. The court in Accardi held that the regulations delegated "to the Board discretionary authority as broad as the statute confers on the Attorney General; the scope of the Attorney General's discretion became the yardstick of the Board's." Id. 347 U.S. at 266, 74 S.Ct. at 502. It further held

5. 39 Stat. 889, as amended, 8 U.S.C. (1946 Ed., Supp. V) § 155(c).

6. 8 C.F.R. § 90.3(c) (1949).

that "if the word 'discretion' means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience." Id. 347 U.S. at 266–267, 74 S.Ct. at 502–503. It thereupon sent the case back to the District Court, stating that Accardi "may be unable to prove his allegation before the District Court; but he is entitled to the opportunity to try." Id. 347 U.S. at 268, 74 S.Ct. at 503.

We believe that, under Accardi, supra, Bufalino is also entitled to the opportunity to try to prove his allegation in the District Court.[7]

So ordered.

DANAHER, Circuit Judge (concurring.)

I agree that this appellant is entitled to an opportunity to try to establish his allegations of "prejudgment" but solely respecting his application authorized pursuant to 8 U.S.C. § 1259 (1958). I believe I am constrained to agree because of the opinions in Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L. Ed. 681 (1954).[1]

---

7. With reference to further proceedings herein, see Accardi v. Shaughnessy, supra, 347 U.S. 268, 74 S.Ct. 503. See also Shaughnessy v. Accardi, 349 U.S. 280, 75 S.Ct. 746, 99 L.Ed. 1074 (1955).

1. And see Shaughnessy v. Accardi, 349 U.S. 280, 75 S.Ct. 746, 99 L.Ed. 1074 (1955).