**ATTORNEY GENERAL of the United States, Appellant,**

v.

**Russell BUFALINO, Appellee.**

**No. 20161.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1966.

Decided Dec. 6, 1966.

Mr. Charles Gordon, Deputy General Counsel, Immigration and Naturalization Service, of the bar of the Supreme Court of the United States, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., L. Paul Winings, General Counsel, Immigration and Naturalization Service, and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellant.

Mr. Jack Wasserman, Washington, D. C., with whom Mr. David Carliner, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and MCGOWAN, Circuit Judges.

PER CURIAM:

Appellee is an Italian citizen who was ordered deported in 1958; that order is not at issue here. See Bufalino v. Holland, 3 Cir., 277 F.2d 270, *cert. denied*, 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85 (1960). When his applications for discretionary administrative relief under Sections 243(h) [1] and 249 [2] of the Immigration and Nationality Act proved unavailing, Bufalino charged in the District Court and then in this court that the Immigration officials had prejudged his case. This court granted appellee's request for an evidentiary hearing in the District Court on the prejudgment claim, relying on United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). See Bufalino v. Kennedy, 116 U.S.App.D.C. 266, 322 F.2d 1016 (1963).

Before that hearing could materialize, the parties agreed to a stipulation which provided that administrative proceedings would be reopened before a special inquiry officer under currently applicable regulations, with Bufalino being permitted to renew his requests for relief, to assert new bases for relief,[3] and to raise the prejudgment issue in the administrative proceedings. We approved the stipulation in an order dated October 14, 1963; the District Court remanded the case to the Immigration Service pursuant to the stipulation and dismissed the action on consent of the parties. Bufalino v. Kennedy, D.D.C., Civil Action No. 486-61 (October 31, 1963).

At the outset of the new proceedings appellee challenged the special inquiry officer as having prejudged the case and requested an evidentiary hearing. The officer denied both the charge and the request. On March 17, 1965, the officer denied appellee's requests for discretionary relief; the Board of Immigration Appeals affirmed. Appellee then moved in the District Court for an order to enforce its prior mandate, contending that the court's direction for an administrative evidentiary hearing on the prejudgment question had been disregarded; the motion was granted. On appeal to this court the Government contends that the District Court acted without jurisdiction. We confine ourselves solely to the jurisdictional question.

■ Section 106(a) of the Immigration and Nationality Act [4] places exclusive jurisdiction to review final orders of deportation in the appropriate Court of Appeals.[5] Interpreting § 106(a), the Supreme Court has held that denials of discretionary relief of the kind we have in this case constitute such final orders. Foti v. Immigration & Naturalization

---

1. 66 STAT. 212, as amended, 8 U.S.C. § 1253(h).

2. 66 STAT. 219, as amended, 8 U.S.C. § 1259.

3. The applications for relief presented to the special inquiry officer were based on §§ 243(h), 244, 245 and 249 of the Immigration and Nationality Act, 66 STAT. 212–217, 219, as amended, 8 U.S.C. §§ 1253(h), 1254, 1255, 1259.

4. 75 STAT. 651, 8 U.S.C. § 1105a(a):
"The procedure prescribed by, and all the provisions of sections 1031–1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title * * *."

5. 64 STAT. 1129, as amended, 5 U.S.C. § 1032, incorporated by reference by § 106(a), provides for exclusive jurisdiction in the Court of Appeals. See also 64 STAT. 1131, as amended, 5 U.S.C. § 1039. Venue, according to § 106(a) (2), is limited to either the judicial circuit where the administrative proceedings were held or where the petitioner resides, but not both. The parties concede that, if § 106(a) applies here, venue properly lies in the Court of Appeals for the Third Circuit.

Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). See also Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964). Moreover, the Court has said that "all determinations made during and incident to the administrative proceeding conducted by a special inquiry officer, and reviewable together by the Board of Immigration Appeals," are within the ambit of § 106(a). Foti v. Immigration & Naturalization Service, *supra*, 375 U.S. at 229, 84 S.Ct. at 314. Consequently, and appellee has not actually urged otherwise, it seems clear that questions relating to a claim of prejudgment made against a special inquiry officer are governed by § 106(a).

■ Appellee contends, however, that § 106(a) does not apply here because the present litigation is but a continuation of the proceedings that led to our decision in Bufalino v. Kennedy, 116 U.S.App.D.C. 266, 322 F.2d 1016 (1963), and that the District Court thus retained jurisdiction to enforce its mandate issued pursuant to that decision. We do not agree. The fact is that the District Court, on agreement of the parties, dismissed the earlier case, after remanding it to the Immigration Service for a new and different administrative proceeding. For the District Court and this court now to assert jurisdiction over this segment of appellee's attack on the new proceedings would defeat the fundamental purpose behind § 106(a), which was to consolidate review of deportation orders in a single forum and thus "to abbreviate the process of judicial review * * * in order to frustrate certain practices * * * whereby persons subject to deportation were forestalling departure by dilatory tactics in the courts." Foti v. Immigration & Naturalization Service, *supra*, 375 U.S. at 224, 84 S.Ct. at 311.

■ We hold, therefore, that the District Court here was without jurisdiction. Its order will be reversed and the proceedings will be dismissed.

So ordered.