Paul **DE LUCIA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE**, Respondent.

No. 15661.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1966.

Certiorari Denied Feb. 13, 1967.

See 87 S.Ct. 861.

Jack Wasserman, Washington, D. C., Joseph I. Bulger, Chicago, Ill., David Carliner, Washington, D. C., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The petitioner, Paul De Lucia,[1] seeks review of an order of the Board of Immigration Appeals denying discretionary relief under sections 249, 212(h), and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1259, 1182(h), and 1253(h). The Board affirmed the decision of a special inquiry officer before whom the petitioner had been afforded an opportunity to establish his eligibility for the relief requested.

The petitioner's status as a deportable alien was established in an earlier proceeding and is not before us. De Lucia v. Flagg, 297 F.2d 58 (7th Cir. 1961), cert. denied, 369 U.S. 837, 82 S.Ct. 867, 7 L.Ed.2d 843 (1962). There we affirmed an order for the petitioner's deportation on the ground that he had entered this country in 1920 without a valid passport showing his identity and had committed a crime of moral turpitude (voluntary homicide) in Italy prior to his entry. The deportation proceeding was subsequently reopened upon motion by the petitioner in September 1964 for the limited purpose of presenting the petitioner's application for discretionary relief to a special inquiry officer and having that officer designate the country to which deportation was to be effected.

The first form of discretionary relief sought by the petitioner was the creation of a record of his lawful entry pursuant to section 249 of the act. Section 249 provides that a record of lawful admission for permanent residence of certain aliens may be made where no such record would otherwise exist if the alien satisfies certain requirements. Among the conditions which the alien must demonstrate to become eligible for the exercise of administrative discretion are that he entered this country prior to June 30, 1948, that he has resided here continuously since his entry, that he is "not

---

1. The petitioner has also been variously known as Paul Salvi, Paul Ricca, Felice De Lucia, and Paolo Maglio.

ineligible" to citizenship, and that he is a person of good moral character.[2] The special inquiry officer found that the petitioner satisfied the first three requirements, but held that the petitioner failed to establish his eligibility for relief under section 249 because he did not show that he was a person of good moral character.[3] The special inquiry officer also denied the relief requested as a matter of administrative discretion on the ground that the petitioner had not made a full disclosure of matters within his knowledge relevant to the exercise of such discretion. The Board denied the claim for registry under section 249 solely as a matter of administrative discretion for the same reason.

The Board's refusal to grant the relief requested was clearly warranted by the record. The petitioner refused to answer numerous questions relating to his criminal record both in Italy and the United States, the nature and source of his income, and many of his other activities. The petitioner's conduct amounted to a blatant refusal to furnish information pertinent to the exercise of administrative discretion and justified the withholding of relief.

In this review the petitioner does not attempt to advance the merits of his claim for registry under section 249, but instead contends that the hearing afforded him by the special inquiry officer was unfair and lacking in due process for various reasons. He asserts that he was prejudged by the special inquiry officer, prejudiced by adverse publicity, denied the rights of compulsory process and cross-examination, and prejudiced by an unlimited opportunity to cross-examine and other special courtesies extended to the Government. We find no merit in any of these contentions and will dispose of them in summary fashion.

To support his claim of prejudgment, the petitioner contends that certain statements by United States Attorneys General and other Department of Justice officials over a period of several years characterizing him as a "racketeer" and a "kingpin of vice" committed the special inquiry officer to action unfavorable to him. No evidence was introduced to connect any statements or supposed views of these officials with the special inquiry officer. No showing that the special inquiry officer's decision was controlled by his superiors was made. In fact, an existing order of the Attorney General expressly directs all persons exercising hearing powers in deportation proceedings to exercise independent judgment in such matters, "uninfluenced by extraneous statements by persons official or unofficial." The petitioner contends, citing Bufalino v. Kennedy, 116 U.S.App.D.C. 266, 322 F.2d 1016 (1963), that he was improperly denied a hearing to establish prejudgment when the issue was first raised in argument before the Board. In our view, the petitioner's meager presentation did not make a prima facie case of prejudgment and no such administrative hearing was required. Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955). Further, the petitioner did not assert a claim of prejudgment against the Board, which is not bound by the special inquiry officer's order and may determine the case de novo.

The petitioner's contention that he was prejudiced by "intense publicity" which allegedly emanated from the Department of Justice and surrounded the hearing is unpersuasive. The record

---

2. In addition, the alien must show that he is "not inadmissible" under section 212 (a) of the act insofar as it relates to the excludability of criminals. The criminal ground of inadmissibility may be waived by the agency under section 212 (h) of the act, however, which, if done, removes what would otherwise be an existing bar to relief under section 249.

3. The special inquiry officer based his finding with respect to the petitioner's moral character upon the lack of evidence presented by the petitioner, his incarceration for some twenty months during the preceding five-year period, his admitted gambling activities during 1962, and the special inquiry officer's conclusion that the petitioner had not testified truthfully at the hearing.

shows that the petitioner did not request a closed hearing, that he introduced no evidence to support his charge that the Department of Justice created unfavorable publicity, and that the special inquiry officer specifically stated he would not consider newspaper accounts in reaching his decision.

■■ The petitioner complains that his requests to the special inquiry officer for the issuance of subpoenas were rejected, while similar requests by the Government were granted. The issuance of subpoenas is governed by regulation [4] and is within the discretion of the special inquiry officer. The petitioner did not comply with the regulation, and has failed to show either favoritism to the Government in the issuance of subpoenas or an abuse of discretion in denying such discovery to him.

■ Finally, the granting, denial, and limitation of the cross-examination of witnesses in a hearing on an application for discretionary relief is also a matter within the broad discretion of the special inquiry officer. The petitioner received a fair opportunity to present his case and has shown no abuse of discretion. Wang v. Pilliod, 285 F.2d 517 (7th Cir. 1960).

■ The petitioner requested a second form of discretionary relief at the hearing. He applied for the withholding of deportation to Italy pursuant to section 243(h) of the act, 8 U.S.C. § 1253 (h), which relief was also denied. The hearing was conducted prior to the effective date of the amendment to section 243(h), which removed the words "physical persecution" to provide that the Attorney General may temporarily withhold deportation to any country in which the alien would be subject to "persecution on account of race, religion, or political opinion." Public Law 89–236 (October 3, 1965).[5] The petitioner con-

tends that the hearing should be reopened to give him an opportunity to present evidence under the amended version of the statute. This contention, also presented to and rejected by the Board, is without merit.[6] The petitioner had ample opportunity to pursue a claim that he might be persecuted for political reasons, but he did not do so. The record contains evidence indicating that he would have been unsuccessful in any such attempt. Even in this review, the petitioner suggests nothing which might relate to his burden in a reopened hearing. Under the circumstances, the contention must be considered frivolous.

■ At the hearing before the special inquiry officer, the petitioner designated England as the country to which he wished to be deported should deportation be ordered. He was informed that if England refused to accept him or failed to inform the Attorney General of its willingness to accept him within three months after original inquiry, he would be deported to Italy. The order entered by the special inquiry officer so provides. The petitioner contends that the order is illegal because the record contains no evidence that Italy is presently willing to accept him or that England has refused to accept him. But we are here concerned only with the validity of the deportation order and not with its execution. The cases cited by the petitioner are distinguishable for that reason. E. g., United States ex rel. Tom Man v. Murff, 264 F.2d 926 (2d Cir. 1959); Lu v. Rogers, 164 F.Supp. 320 (D.D.C.), aff'd, 104 U.S.App.D.C. 374, 262 F.2d 471 (1958). We think that the order of deportation is in all respects proper and in conformity with section 243(a) of the act, 8 U.S.C. § 1253(a), and the regulations issued thereunder.

■ The petitioner contends that he was not given an adequate opportunity

---

4. 8 C.F.R. § 287.4(a) (2).

5. The special inquiry officer nevertheless considered the amendment in his decision.

6. The Board applied the amended version of the statute in reaching its decision, in accordance with settled law. Patsis v. INS, 337 F.2d 733, 737–738 (8th Cir. 1964), cert. denied, 380 U.S. 952, 85 S.Ct. 1085, 13 L.Ed.2d 970 (1965).

to present evidence relating to his request to stay deportation on medical grounds. The record shows that the petitioner was given a fair opportunity to introduce relevant medical information and that the evidence introduced as to his physical condition and the possible emotional impact of deportation upon the petitioner and his family was fully considered.

Finally, the petitioner's contention that his deportation will result in a cruel and unusual punishment prohibited by the eighth amendment is without merit. United States ex rel. Circella v. Sahli, 216 F.2d 33, 40 (7th Cir. 1954), cert. denied, 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752 (1955).

The Board's order is affirmed.