**Paul DE LUCIA, Appellant,**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Appellee.**

**No. 21030.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 6, 1968.

Decided March 21, 1968.

Certiorari Denied June 10, 1968.

See 88 S.Ct. 2057.

Mr. Jack Wasserman, Washington, D. C., with whom Mr. David Carliner, Washington, D. C., was on the brief, for appellant.

Mr. Charles Gordon, General Counsel, Immigration and Naturalization Service, of the bar of the Supreme Court of the United States, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

EDGERTON, Senior Circuit Judge:

This is an appeal from an order entered by the District Court dismissing an action for lack of jurisdiction. Appellant seeks review of statements by the Chicago District Director of the Immi-

gration and Naturalization Service that appellant is an Italian citizen and a declaratory judgment that he is stateless. We agree that the District Court lacks jurisdiction and affirm.

Appellant has extensively litigated the matter of the revocation of his citizenship, United States v. De Lucia, 256 F.2d 487 (7th Cir.), cert. denied, 358 U.S. 836, 79 S.Ct. 59, 3 L.Ed.2d 72 (1958); and the deportation order, De Lucia v. Flagg, 297 F.2d 58 (7th Cir. 1961), cert. denied, 369 U.S. 837, 82 S.Ct. 867, 7 L.Ed.2d 843 (1962). While subsequent habeas corpus proceedings were pending, the parties agreed to remand the matter to the administrative authorities solely to enable appellant to seek any discretionary relief to which he thought himself entitled and to have the special inquiry officer designate the country to which he would be deported. The special inquiry officer denied discretionary relief. The Board of Immigration Appeals affirmed. So also did the Seventh Circuit. De Lucia v. Immigration and Naturalization Service, 370 F.2d 305 (7th Cir. 1966). Again the Supreme Court denied certiorari. 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (1967).

During these latter proceedings the questions of appellant's alleged statelessness and of the designation of Italy as a country of deportation were considered. Thus, it is clear that his present claim is only colorably directed at the ministerial act of the Chicago District Director in stating that appellant is a citizen of Italy. Appellant's apparent purpose is again to challenge his deportation order.

Section 106(a) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1105a(a) provides for exclusive review in the appropriate circuit court of "final orders of deportation * * * pursuant to administrative proceedings under section 242(b)."

The scope of § 106(a) was discussed by the Supreme Court in Foti v. Immigration and Naturalization Service, 375 U.S. 217, at 229, 84 S.Ct. 306, at 314, 11 L.Ed. 2d 281 (1963), in which the Court said: "Also, it seems rather clear that all de-

terminations made during and incident to the administrative proceeding conducted by a special inquiry officer, and reviewable together by the Board of Immigration Appeals * * * are likewise included within the ambit of the exclusive jurisdiction of the Courts of Appeals under § 106(a)." See also Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L. Ed.2d 90 (1964); Attorney General v. Bufalino, 125 U.S.App.D.C. 273, 371 F.2d 378 (1966).

Thus, the act by the Chicago District Director which appellant seeks to review is clearly subject to the limitation on judicial review of § 106(a) and can only be considered by the Court of Appeals for the Seventh Circuit.

Affirmed.