**Eugenio Reyes GUINTO, Petitioner-Appellant,**

v.

**George K. ROSENBERG, District Director Immigration and Naturalization Service, Respondent-Appellee.**

**No. 26004.**

United States Court of Appeals, Ninth Circuit.

July 13, 1971.

Arthur D. Cohen (argued), of Kwan, Cohen & Quan, Los Angeles, Cal., for petitioner-appellant.

Dzintra I. Janavs, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., Steve Suffin, for I.N.S., San Francisco, Cal., for respondent-appellee.

Before DUNIWAY, WRIGHT and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

This case had its genesis in Guinto v. District Director, I&NS, C.D.Cal., 1969, 303 F.Supp. 1094, where the background facts are fully stated. In that case, Judge Hill, on July 11, 1969, remanded the matter to the Immigration and Naturalization Service for further proceedings. He held that the Attorney General (*i. e.*, the Service) would be expected to determine whether Guinto was a member of the professions, eligible for third preference visa classification as a teacher under 8 U.S.C. § 1153(a) (3), and that the Secretary of Labor would be expected to determine whether to make the certification required by 8 U.S.C. § 1182(a) (14). The government filed a notice of appeal on September 8, 1969. Thereafter, it obtained two successive 30-day extensions of time to designate the record, the Solicitor General not having made a final determination to proceed with the appeal. On November 6, 1969, the Solicitor General having decided not to proceed, the appeal was dismissed by stipulation.

On December 11, 1969, the District Director asked Guinto for a letter from his employer, stating his occupation, title and describing his duties and responsibilities. No response was received. Also on December 11, 1969, the District Director asked the Department of Labor to consider certification as to the availability "of persons with similar educational preparation and experience [to Guinto's] who are able, willing and qualified as teachers in the area of intended employment." On February 12, 1970, the Department responded, saying:

"On the basis of the documents submitted the Department of Labor cannot make a finding that there are not sufficient workers in the United

States who are available for employment as a teacher and that the alien's employment will not adversely affect the wages and working conditions of workers in the United States similarly employed. Accordingly, the certification required under 212(a) (14) cannot be made. This denial is without prejudice to an application supported by a Form ES–575B, Job Offer of Alien Employment."

The District Director, on March 12, 1970, notified Guinto that his visa petition must be denied, but without prejudice to a new petition supported by a specific job offer and an individual labor certificate. This action was then filed. Judge Hill upheld denial of the petition by the Service, and this appeal followed. Guinto has also filed an action to review the decision of the Department of Labor.

Guinto recognizes that ordinarily, absent the required certification by the Department of Labor, his third preference visa petition cannot be granted. His only contention is that if the delay following Judge Hill's first decision had not occurred a certification would have been made and that, because the government was responsible for the delay, his application should have been granted without the certification required by law. He cannot, however, point to any willful or oppressive delay. The record indicates that there has been a great change in the demand for elementary school teachers in California, and that Guinto is an unfortunate victim of that change. We can find nothing in this record that would permit us to hold that in this case the government should somehow be estopped from complying with the certification requirement that the Congress has imposed. *Cf.* Kalatjis v. Rosenberg, 9 Cir., 1962, 305 F.2d 249, 253. We note that the door has not been finally closed; if Guinto can find a job as a teacher, or if he is successful in his attack on the decision of the Department of Labor, he may yet get the needed certification, thus opening the way for consideration of his visa application on its merits. *Cf.* Pizarro v. District Director, 9 Cir., 1969, 415 F.2d 481, 482.

Affirmed.