**Alicia CARINO and Leonor Carino, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 71–1376.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1972.

Decided May 2, 1972.

Samuel D. Myers, Chicago, Ill., for petitioners.

James R. Thompson, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Henry E. Petersen, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., George W. Masterton, Lillian C. Scott, Attys., Dept. of Justice, Washington, D. C., for respondent; William J. Bauer, U. S. Atty., of counsel.

Before KNOCH, Senior Circuit Judge, SPRECHER, Circuit Judge and GRANT, District Judge.*

KNOCH, Senior Circuit Judge.

The petitioners, Alicia and Leonor Carino, are here seeking review of an order of the Board of Immigration Appeals, dated April 16, 1971, which dismissed their appeals from the special inquiry officer's denial of their application for adjustment of status under § 245 of the Immigration and Naturalization Act, Title 8 U.S.C. § 1255. The special inquiry officer did grant their alternative request for the privilege of voluntary departure in lieu of deportation.

The petitioners are sisters, natives and citizens of the Philippines, who entered the United States at San Francisco on or about March 17, 1968 as visitors for pleasure. Alicia was authorized to remain until about June 17, 1968, and Leonor until about August 17, 1968.

Prior to coming to the United States, on August 17, 1967, each of the Misses Carino had filed a petition for a third-preference visa classification as a teacher, under § 203(a) (3) of the Act, Title 8 U.S.C. § 1153(a) (3), which was approved on, respectively, January 15, 1968, and February 11, 1968, by the District Director at Chicago.

On May 27, 1969, after these had expired on November 2, 1968, and February 4, 1969, the petitioners were notified and asked for information to enable determinations to be made respecting revalidation.

On June 7, 1969, each of the petitioners filed requests for such revalidation. On June 12, 1969, the respondent requested the Bureau of Employment Security of the Department of Labor to consider revalidation of petitioners' expired labor certifications and notified petitioners of this action.

On March 12, 1970, the Secretary of Labor began to require that a job offer be submitted with applications for labor certification of immigrant teachers, U. S. Department of Labor, Manpower Administration, Washington, D. C., U.S. T.E.S. Regional Bulletin No. 13–70, because studies by the Bureau of Labor Statistics and state employment services led to a conclusion that (1) the supply of teachers in the United States was then generally in balance with demand and (2) if the trend continued could significantly exceed demand in the immediate future.

On August 12, 1970, the District Director wrote the petitioners that their lapsed third-preference visa petitions could not be validated unless prospective employers secured labor certifications for them as teachers. When these labor certifications were not obtained (and the petitioners conceded that they could not be obtained) revalidation was denied. Although counsel stated in oral argument that both of the petitioners had taught in the Philippines, evidently

* Chief District Judge Robert A. Grant, of the Northern District, Indiana, is sitting by designation.

neither held a position as a teacher during their stay in the United States.

Meanwhile on January 6, 1969, both petitioners filed applications for adjustment of status as permanent residents under § 245 of the Act, Title 8 U.S.C. § 1255, which were denied by the exercise of administrative discretion, respectively on July 30, 1969, and August 19, 1969, according to stipulation at the hearings, with the privilege of voluntary departure permitted by September 1, 1969, for Alicia and September 28, 1969, for Leonor.

The petitioners assert now that as nothing was then said about their visa petitions, they, therefore, assumed that these had been validated.

On May 12, 1970, orders to show cause were served with charges that petitioners had overstayed their authorized time. At the hearings, after admitting the charge of deportability, both petitioners reapplied for change of status, or in the alternative for the privilege of voluntary departure. At that time Alicia was described by her counsel as having an approved third-preference visa petition which had been revalidated. Counsel also said that Leonor was the beneficiary of an approved third-preference petition, but did not mention revalidation.

The hearings were adjourned in part to secure the records on the petitioners' various applications. At subsequent hearings on July 13 and September 8, these various records were introduced as exhibits.

In his decision, the special inquiry officer referred to the major point raised in the proceedings before us. Counsel argued that petitioners should not be required to secure labor certifications because the change in regulations had occurred after the petitioners filed their visa petitions. It was counsel's position that had the petitions been processed more expeditiously they would have been granted under the former regulations and that the respondent was culpable in connection with the delay.

■ The special inquiry officer noted that he had no authority to adjudicate visa petitions or to direct revalidation of previously approved visa petitions, matters which were solely in the District Director's jurisdiction. As immigrant visas were not immediately available (as required by § 245(a) (3) of the Act) application for adjustment of status was properly denied. Exercise of discretion is provided for in the Act only where the specific prerequisite conditions for its exercise, as set out in § 245, are met, including that of immediate availability of an immigrant visa.

■ The petitioners contend that the delay in process of their petitions, during which conditions changed markedly, constitutes a denial of due process. They would distinguish Guinto v. Rosenberg, 9 Cir., 1971, 446 F.2d 11, 12, on which respondent relies, on the ground that in that case the Court found no evidence that the change in circumstances (and regulations applicable) occurred during a willful or oppressive delay on the part of the government. Petitioners here argue that the respondent's failure to proceed more rapidly was malfeasance amounting to a gross abuse of function and denial of due process of law. We cannot agree.

■ As indicated, although the petitioners acquired approved third-preference visa petitions prior to entry, they entered the United States on visitors' visas and then worked in positions where they were employed otherwise than as teachers. Their third-preference visas expired. The Act, Title 8 U.S.C. § 1182 (a) (14), prohibits immigrants coming to perform labor, including third-preference immigrants, unless the Secretary of Labor certifies that there is a shortage of workers to perform such work and that employment of the alien will not adversely affect wages and working conditions of workers in the United States similarly employed. Current Department of Labor regulations are controlling. DeLucia v. I. N. S., 7 Cir., 1966, 370 F.2d 305, 309, cert. den. 386 U.S. 912, 89 S.Ct. 861, 17 L.Ed.2d 784.

■ In any event, however, this petition for review is here pursuant to Title 8 U.S.C. § 1105a(a), providing for judicial review of orders of deportation and exclusion. It does not confer jurisdiction on this Court to review the District Director's failure to revalidate petitioners' expired third-preference visa petitions, over which the special inquiry officer and the Board of Immigration Appeals had no jurisdiction. Title 8 C.F.R. 103.1(e) (2), 103.1(f), 3.1(b) (5). See Cheng Fan Kwok v. I.N.S., 1968, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037; Butterfield v. I.N.S., 1969, 133 U.S.App. D.C. 135, 409 F.2d 170, 173.

The decision of the Board of Immigration Appeals is affirmed and the petition for review is dismissed.

Affirmed.