**John Winston Ono LENNON,
Plaintiff,**

**v.**

**The UNITED STATES of America, et al.,
Defendants.**

**No. 73 Civ. 4543.**

United States District Court,
S. D. New York.

Jan. 2, 1975.

Leon Wildes, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., So. District of New York, Joseph Marro, Asst. U. S. Atty., of counsel, for defendants.

## OPINION AND ORDER

OWEN, District Judge.

Defendants in this action move for an order dismissing the complaint of plaintiff John Lennon for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P., Rule 12(b)(6) or alternatively for an order granting them judgment on the pleadings pursuant to Fed.R.Civ.P., Rule 12(c).[1] The facts pertaining to this action are contained in my earlier opinion, Lennon v. Richardson, 378 F.Supp. 39 (S.D.N.Y. 1974) and need not be repeated here. Since that decision was rendered, the Board of Immigration Appeals ("the Board") dismissed plaintiff's appeal from the order of deportation of Immigration Judge Fieldsteel. In doing so, the Board held (1) that plaintiff was not entitled to a stay of immigration proceedings pending the outcome of the action before me, (2) that the decision to issue an order to show cause in an immigration proceeding is solely within the Immigration and Naturalization Service ("INS") District Director's prosecutorial discretion and as such was unreviewable by it, (3) that the Immigration Judge has the power to enforce the provisions of 18 U.S.C. § 3504 in proceedings before him but plaintiff was not entitled to any of the relief he sought thereunder, (4) that no prejudgment claim existed as to the actions of the Immigration Judge since the only denial by the Judge related to statutory ineligibility and other matters of law and not to any discretionary matter, (5) that the Immigration Judge was without jurisdiction to investigate any alleged prejudgment by the District Director or

---

1. With the consent of both parties this motion has been treated as one for summary judgment under Fed.R.Civ.P., Rule 56, as matters outside the pleadings have been submitted for my consideration.

other INS officials or to terminate deportation proceedings as improvidently begun and (6) that plaintiff was shown deportable by clear, convincing and unequivocal evidence under § 241(a)(2) of the Immigration & Nationality Act, 8 U.S.C. § 1251(a)(2) and was statutorily ineligible for adjustment to permanent resident status under § 245 of the Act, 8 U.S.C. § 1255 because of a conviction for possession of "cannabis resin" in Great Britain which made him excludable from the United States under § 212(a)(23) of the Act, 8 U.S.C. § 1182(a)(23).

Plaintiff has appealed the Board's decision to the Court of Appeals, which has yet to hear argument.[2]

The application to dismiss the first cause of action is granted. That cause of action, pursuant to 18 U.S.C. § 3504[3] demands that the government affirm or deny the occurrence of certain unlawful acts as specified in the statute including alleged illegal electronic and mechanical surveillance on plaintiff. In response to plaintiff's demands the Department of Justice has stated in letter form that it has no information indicating that any conversations of plaintiff were overheard or that any premises known to have been owned or leased by plaintiff were covered by electronic surveillance. The letter also denied that Lennon was subjected to electronic surveillance by six other governmental agencies specified in the letter.

██ Passing the issue of whether this unsworn letter form denial is sufficient to moot plaintiff's claim under 18 U.S.C. § 3504, I find that other reasons compel dismissal of this cause of action. The terms of § 3504 make clear that it only comes into play upon a claim that certain *evidence* is inadmissible in a proceeding because it is the primary product of an unlawful act or is obtained by the exploitation of such an act. I agree with the Board's conclusion that:

> Counsel has not claimed that any *evidence* relating to deportability or ineligibility for adjustment of status may have been illegally obtained. In fact, since the evidence in the case consisted solely of the respondent's admitted presence in the United States after February 29, 1972, and the record of his conviction which he readily admitted, we have great difficulty in ascertaining what evidence the respondent may hope to have suppressed.

In re Lennon, A 17 595 321 (BIA, July 10, 1974) at p. 7. In any event, and more fundamentally, plaintiff's claim has already been presented both to the Immigration Judge and the Board which have the power and means to fully protect plaintiff's rights under 18 U.S.C. § 3504. In re Lennon, *supra*, at 5–6 and cases cited therein. Any error in the Board's ruling as to this contention is reviewable in the Court of Appeals and not in collateral proceedings in the District Court. § 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a). The first cause of action is therefore dismissed.

The second cause of action alleges, in essence, that the District Director, other officials of the INS and the Immigration Judge "prejudged" all of plaintiff's applications for discretionary relief by routinely denying or not acting upon any such requests, rather than by exercising such discretionary power as is vested in them according to their own understanding and conscience. Principal among the several alleged failures to exercise independent judgment was the institution by the District Director of deportation proceedings against Lennon

---

**2.** It appears that a ruling on the appeal is more than six months away.

**3.** 18 U.S.C. § 3504 provides:

(a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—

(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act; . . .

**564**

despite the fact that, absent prejudgment, Lennon would allegedly not have been prosecuted because he would ordinarily have been accorded "non-priority" status.[4] While plaintiff does not so denominate it, this is essentially an allegation of "selective prosecution" to get the plaintiff out of the country, the reason for which, plaintiff claims, was to penalize him for his association with individuals judged to be highly political and unfavorable to the then-existing administration, as well as to prevent his participation in demonstrations possibly embarrassing to that administration.

The third cause of action alleges that the conduct alleged in the second cause of action occurred at the behest of high government officials, and was the result of and part of a conspiracy by various government officials to violate plaintiff's rights guaranteed by the First, Fourth, Fifth and Ninth Amendments to the Constitution. Part of the conduct of the alleged conspiracy was to unlawfully wiretap the phones of plaintiff and his attorney and interfere with plaintiff's mail.

■ The above allegations clearly state valid causes of action. U. S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Bufalino v. Kennedy, 116 U.S.App.D.C. 266, 322 F.2d 1016 (1963).[5] Defendants argue that the decision to institute immigration proceedings on the basis of a non-priority classification *or for any other reason* is a matter that rests entirely in the discretion of the District Director and is unreviewable in any Court or administrative proceeding, citing Spata v. Immigration and Naturalization Service, 442 F.2d 1013 (2d Cir.), cert. denied, 404 U.S. 857, 92 S.Ct. 107, 30 L.Ed.2d 99 (1971); and Riva v. Immigration and Naturalization Service, Civil No. 74–1601 (D.N.J. October 20, 1974). As I view it, these cases hold no more than that the District Court lacks jurisdiction to review the judgment of the District Director in a *bona fide* exercise of his discretion in deciding to institute a deportation proceeding even if he acted arbitrarily, capriciously or irrationally in so doing. These cases do not, and, in my view, could not hold that a government official can with impunity, immune from judicial review, institute a deportation proceeding solely as a penalty for the lawful exercise of constitutional rights. As stated by the Court of Appeals for the Second Circuit in U. S. v. Berrios, 501 F.2d 1207, at 1209 (1974):

> Nothing can corrode respect for a rule of law more than the knowledge that the government looks beyond the law itself to arbitrary considerations, such as race, religion, or control over the defendant's exercise of his constitutional rights, as the basis for determining its applicability. See Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). Selective prosecution then can become a weapon used to discipline political foe and the dissident, see, e. g., United States v. Falk, 479 F.2d 616 (7th Cir. 1973); United States v. Steele, 461 F.2d 1148 (9th Cir. 1972). The prosecutor's objective is then diverted from the public interest to the punishment of those harboring beliefs with which the administration in power may disagree.

■ I note that plaintiff's claim is normally asserted as a *defense* in the prosecution alleged to have been selectively instituted.[6] However, it is the Board's holding in this very case that it and the Immigration Judge have no jurisdiction to consider claims of prejudg-

4. The term "Non-Priority" refers to a category of cases in which the INS will defer the departure of an alien indefinitely and take no action to disturb his immigration status on the ground that such action "would be unconscionable because of the existence of appealing humanitarian factors."

5. Defendants attempted distinction of these cases is unpersuasive. Even assuming, as the Board has held, that the Immigration Judge never denied any discretionary applications, the same cannot be said as to the actions of the District Director and the INS.

6. See, e. g., U. S. v. Berrios, *supra*; U. S. v. Berrigan, 482 F.2d 171 (3rd Cir. 1973).

ment or selective prosecution by the District Director or INS.

Thus, while reaching the conclusion that plaintiff may assert a selective prosecution defense *to a deportation proceeding* in a complaint in a collateral civil action in the District Court, I question plaintiff's right to have uncontrolled access to the full panoply of discovery normally available pursuant to the Federal Rules of Civil Procedure. I deem it inappropriate for a potential deportee, by the mere assertion of such a claim, to subject the government to a highly disruptive burden of justification in each such case. Counsel for Lennon did not contend otherwise on the argument hereof, and conceded that there must be an adequate preliminary *factual* showing of possible selective prosecution to justify the commencement of discovery. And for similar reasons, even assuming a factual showing justifying *some* inquiry has been made, the potential deportee is still not entitled in my opinion to a wholly unfettered discovery. I therefore conclude that in this situation the Court is under a duty to retain control over the discovery process to ensure that there is no unjustified and improper intrusion into the prosecutorial decision-making process. See United States v. Berrios, *supra*, United States v. Berrigan, *supra*.

Since on the present state of the record there are adumbrated sufficient facts to justify at least a limited inquiry, the parties shall appear before me on January 9, 1975 at 4:30 p. m. to establish the extent of discovery to be initially allowed. Until that time the pending stay of discovery is continued.

On the basis of the foregoing, defendants' motion to dismiss for failure to state a claim is granted as to the first cause of action, and is denied as to the second and third causes of action.

Defendants' motion for summary judgment is denied without prejudice, plaintiff having engaged in little discovery as yet.

So ordered.