MATTER OF AGARWAL

In Deportation Proceedings

A-17230653

*Decided by Board March 18, 1969*

Currently pending litigation of a collateral issue (denial of respondent's visa petition) in the United States District Court is no justification for the termination or postponement of the deportation proceedings against respondent.

CHARGE:

Order: Act of 1952—Section 241 (a) (2) [8 U.S.C. 1251 (a) (2)]—Nonimmigrant—remained longer.

ON BEHALF OF RESPONDENT: Hiram W. Kwan, Esquire
1011 North Broadway
Suite 203
Los Angeles, California 90012

This is an appeal from the order of the special inquiry officer finding respondent deportable as charged but granting him the privilege of voluntary departure on or before January 2, 1969.

The respondent is a 39-year-old married male alien, a native and citizen of India, who was admitted to the United States at Honolulu, Hawaii on or about May 25, 1966, being admitted as a nonimmigrant temporary worker and authorized to remain in the United States until June 3, 1968. He remained beyond that date. He was subsequently granted the privilege of voluntary departure by a United States immigration officer in lieu of the institution of deportation proceedings, but he did not depart within the time designated. The instant deportation proceedings were then commenced.

The respondent admits the allegations of fact contained in the order to show cause and concedes that he is deportable as charged.

On appeal, the respondent contends that the order to show cause should be dismissed pending the outcome of a petition for

171

judicial review which is currently pending in the United States District Court to review the decision of the District Director who denied the respondent's third preference visa petition. In his appeal to this Board, respondent states that he should have been classified as a qualified member of the professions and that his third preference visa petition should have been approved.

This Board has no jurisdiction to adjudicate a third preference visa petition. The jurisdiction to do that lies with the District Director under 8 CFR 103.1(f), and the administrative appeal from the District Director's decision lies with the Regional Commissioner of the Immigration and Naturalization Service under the provisions of 8 CFR 103.1(e)(2).

The fact that the respondent has filed a court proceeding relative to this visa petition matter is no reason or justification for the termination of the deportation proceedings against him. He has admitted that he is deportable as charged and his deportation is established by evidence in the record that is clear, unequivocal and convincing. To postpone deportation proceedings while a collateral issue is being litigated, which might or might not result in a favorable decision for respondent, would allow a deportable person to avoid the adjudication of his deportability for perhaps long periods of time by the simple expedient of filing a judicial proceeding or proceedings. We hold that respondent's claim that the order to show cause should be dismissed pending the outcome of his present litigation in the United States District Court is without merit.

We find that the respondent is deportable as charged. We will allow him the privilege of voluntary departure within 30 days from the date of this decision, which is the same period of time granted to him by the special inquiry officer. Any extension of this time is solely within the jurisdiction of the District Director under the provisions of 8 CFR 244.2.

ORDER: It is ordered that the appeal be and it is hereby dismissed.

It is further ordered that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.