Cecilia MANANTAN et al., Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 17499, 17763–17767, 17855–17858, 17920, 17924 and 17932; 17561, 17699, 17700, 17922, 17931 and 17949, 17826, 17925 and 17947.

United States Court of Appeals, Seventh Circuit.

March 18, 1970.

Richard W. Lowery, Michael Small, Gene J. Shapiro, Chicago, Ill., for petitioners.

Thomas A. Foran, U. S. Atty., Chicago, Ill., Paul C. Summitt, Dept. of Justice, Washington, D. C., for respondent. Of Counsel, John Peter Lulinski, Asst. U. S. Atty., Will Wilson, Asst. Atty. Gen.

Before KILEY, CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

These matters come before this court on review of the final decisions of the Board of Immigration Appeals dismissing the petitioners' appeals before the Board. We affirm the orders of dismissal of the Board of Immigration Appeals.

The petitioners are all natives and citizens of the Republic of the Philippines.

---

They were admitted to the United States as exchange visitors pursuant to the Mutual Educational and Cultural Exchange Act of 1961, 22 U.S.C. ch. 33. All of the petitioners were found by the Special Inquiry Officer (SIO) to be deportable under the provisions of § 241(a) (2) of the Immigration and Nationality Act as aliens who, after admission as exchange visitors, have remained for a longer period than authorized. Petitioners appeal from decisions and orders entered by the Special Inquiry Officers, granting them the privilege of voluntary departure and providing for their deportation from the United States to the Republic of the Philippines in the event they fail to depart within the time limit specified.

Petitioners raise two challenges to the orders of the Immigration Service. (1) Some petitioners claim that they are not overstays within the meaning of § 241(a) (2) of the Immigration and Nationality Act. They contend that because at the time of their hearings before the SIO they had pending before the Department of Health, Education and Welfare applications for waiver of the two-year foreign residence requirement imposed on exchange visitors before they can immigrate to the United States, that the deportation proceedings should not have been commenced.[1] (2) Other petitioners claim that the instructions given on the reverse side of the Order to Show Cause that the alien may, if he desires, admit the allegations contained therein and concede deportability or, if he does not choose to do that, he will be given reasonable opportunity to present evidence in his own behalf, violates due process by forbidding petitioners from introducing evidence in their defense.[2] We find both challenges without merit.

We find no basis in the wording of the Immigration Act nor in its policy to delay as a matter of right the commencement and completion of adjudication of an alien's deportability while the alien makes application for [and attempts at reconsideration of a denial of] collateral administrative relief from the Act's dictates. See Pax B. Bayaborda, et al. v. I. N. S. (unpublished order of the Seventh Circuit, No. 17496 et seq., July 28, 1969, dismissing fourteen consolidated petitions for review), cert. denied in all cases which were appealed and which raised the same issue [Alvarez v. I. N. S., 397 U.S. 949, 90 S.Ct. 970, 25 L.Ed.2d 130; DeGuzman v. I. N. S., 397 U.S. 949, 90 S.Ct. 971, 25 L.Ed.2d 130; Ceballos v. I. N. S., 397 U.S. 949, 90 S.Ct. 971, 25 L.Ed.2d 130; De Ramos v. I. N. S., 397 U.S. 949, 90 S.Ct. 971, 25 L.Ed.2d 130, and Matutina v. I. N. S., 397 U.S. 951, 90 S.Ct. 975, 25 L.Ed.2d 133, February 27, 1970]; see also Delia M. Lico v. I. N. S. (unpublished order of the Seventh Circuit, No. 17214, April 3, 1969). Our opinion, however, by no means affects the right of petitioners after deportability is established and final, to apply to the district director for an extension of voluntary departure or a stay of deportation pending final determination of collateral matters.

The second challenge to petitioners' deportation orders is that the "order" on the back of the Order to Show Cause prevented them in violation of due proc-

---

1. Section 212(e) of the Immigration and Nationality Act [8 U.S.C. § 1182(e)] provides in relevant part:

    That upon the favorable recommendation of the Secretary of State pursuant to the request of an interested United States Government agency, * * * the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest. * *

2. In No. 17826, petitioner Beatrix Morris also claims that her deportation proceedings should have been postponed pending the outcome of a private bill introduced in Congress to grant her immediate immigrant status. Since the Bill was acted adversely upon by the House Judiciary Committee and petitioner is still not under an order of deportation, the question is moot.

ess from offering relevant evidence in their deportation proceedings, is not supported by the record. In all the cases in which the petitioners raise this challenge, the petitioners conceded they were deportable as charged, made no attempt to introduce evidence concerning their deportability and made no objection to the SIO that they were prevented from doing so by the Order to Show Cause.

We decline as the government urges, to assess damages and double costs against the petitioners.

For the foregoing reasons, we affirm the orders of dismissal by the Board of Immigration Appeals.

Affirmed.