Vincenzo SPATA, Giuseppa Spata and Angelo Spata, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 440, Docket 33715.

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1971.

Decided May 11, 1971.

Ferro & Cuccia, New York City, for petitioners.

Stanley H. Wallenstein, Sp. Asst. U. S. Atty., S. D. New York (Whitney North Seymour, Jr., U. S. Atty., and Joseph P. Marro, Sp. Asst. U. S. Atty., S. D. New York, on the brief), for respondent.

Before WATERMAN and FRIENDLY, Circuit Judges, and McLEAN, District Judge.*

PER CURIAM:

Vincenzo Spata, a citizen of Italy, petitions to review an order of the Board of Immigration Appeals dated April 9, 1969, which granted him the privilege of voluntarily departing from the United States within a specified period and went on to provide that if he failed to do so he should be deported to his native Italy. Although petitioner's wife, Giuseppa Spata, and his son Angelo, are also named as petitioners, they were not parties to the deportation proceeding instituted by the Immigration and Naturalization Service against Vincenzo and make no claim on their own account. They have joined as petitioners only to take advantage of the provisions of 8 U. S.C. § 1105a(a) (3) which grant them an automatic stay of deportation pending determination of the petition. We have concluded that the decision of the Board in Vincenzo's case, which is the only decision before us, was correct, and accordingly, we deny the petition to review.

The somewhat complicated procedural steps which have taken place over the years prior to the issuance of the Board's final order can best be understood by setting out a brief chronologi-

---

* Of the District Court for the Southern District of New York, sitting by designation.

cal summary of them. Vincenzo Spata, a native and citizen of Italy, entered the United States on September 23, 1964, as a visitor for pleasure. He was authorized to remain until July 15, 1965. He remained in this country illegally beyond that date, with the result that he was taken into custody by the Immigration and Naturalization Service on October 10, 1966. On the next day, October 11, 1966, the petitioner's employer filed on his behalf a visa petition seeking to accord him preference quota status pursuant to 8 U.S.C. § 1153(a) (6). This petition was approved by the District Director on May 24, 1967, valid until October 10, 1967.

Petitioner was granted a sixth preference. Such a preference is applicable to persons capable of performing labor for which a shortage of employable persons exists in the United States. Visas are to be made available to sixth preference holders only to the extent that the 20,-000 numerical limitation on visas authorized for nationals of any single foreign state, 8 U.S.C. § 1152(a), has not been exhausted by the needs of the five prior preferred classes.

On August 17, 1967, petitioner made application to the District Director, based upon his approved visa petition, for adjustment of his status to that of an alien lawfully admitted to permanent residence. This application was made pursuant to 8 U.S.C. § 1255 and was addressed to the Attorney General's discretion. On May 27, 1968, the District Director denied the application because of petitioner's rather extensive criminal record in Italy. The District Director granted petitioner the privilege of voluntary departure from the United States up to June 6, 1968.

Petitioner failed to depart. Consequently, in September 1968, the District Director instituted deportation proceedings against him by order to show cause returnable before a Special Inquiry Officer. The Special Inquiry Officer held a hearing on November 12, 1968. Petitioner was represented by counsel who conceded that petitioner had remained in this country without authority and that he was deportable. Petitioner sought to avoid deportation, however, by renewing his application which he had previously made unsuccessfully to the District Director for adjustment of his status to that of a lawfully admitted permanent resident. Such a renewal of his application was permissible under the regulations. 8 C.F.R. § 245.2(a) (4).

8 U.S.C. § 1255 requires that before an application for adjustment of status may be granted, not only must the alien be eligible to receive an immigrant visa, but a visa must be "immediately available to him at the time his application is approved." The Special Inquiry Officer ascertained by consulting the appropriate State Department bulletin that no immigrant visa was available to petitioner. This was because the five prior preferences had exhausted the visas allocable to Italian nationals, leaving none for the holders of a sixth preference. The Special Inquiry Officer therefore denied the application and directed that if petitioner did not depart voluntarily, he should be deported. On April 9, 1969, the Board of Immigration Appeals dismissed petitioner's appeal from the order of the Special Inquiry Officer, granted petitioner a further period for voluntary departure, and directed that in the event of his failure to avail himself of this privilege, he should be deported. Because the present petition for review has stayed the Board's order, petitioner is still in this country.

The correctness of the Board's order is the only question before us. We perceive no way in which the Board could have reached a different result, in view of the statutory requirement of an available visa, which concededly was not fulfilled. Petitioner argues that he should have been put in a "special class" of aliens who he says are permitted to remain in this country until visas do become available. He does not direct us to

any statutory or other authority for the creation of such a class. Although respondent appears to concede that the District Director has followed an "informal policy" to this effect, that would seem to be the business of the District Director. The District Director's 1968 order denying petitioner's application for adjustment of status is not now before us. Even if we were to assume that the Special Inquiry Officer had discretionary power to grant such a deferment, petitioner produced no evidence before the Special Inquiry Officer to overcome the adverse effect of petitioner's criminal record and to induce an exercise of discretion in his favor.

The petition is denied.