**1034**

Lourdes R. DISCAYA, Plaintiff,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Defendant.**

**No. 71 C 2816.**

United States District Court,
N. D. Illinois, E. D.

March 3, 1972.

Shapiro & Small, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., by Sheldon R. Waxman, Asst. U. S. Atty., for defendant.

## JUDGMENT ORDER and MEMORAN-DUM OPINION

AUSTIN, District Judge.

Plaintiff seeks review of an administrative ruling and order of voluntary departure of the Immigration and Naturalization Service of the Department of Justice. Before the court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant's motion to dismiss, which was accompanied by the complete administrative record, shall be treated by the court as a motion for summary judgment under Rule 56.

Plaintiff is a citizen of the Philippines who entered the United States on August 2, 1970 as a non-immigrant visitor for pleasure for a period not to exceed thirty days. Thereafter, she sought and received an extension of her visitor's visa to March 5, 1971. On November 13, 1970, plaintiff filed a petition for a third preference visa pursuant to 8 U.S.C. § 1153(a) (3). This petition was approved on January 29, 1971, but because a proper visa number has not been available, she has not been permitted to apply for an adjustment of her visitor's status to that of permanent resident. However, plaintiff was not granted permission to stay in the United

States on the non-immigrant visitor's visa past March 5, 1971. On August 1, 1971 an order to show cause why plaintiff should not be deported was issued. After a full hearing, the Special Inquiry Officer determined that plaintiff was deportable, but as a matter of administrative discretion, plaintiff was allowed to depart from the United States voluntarily by September 30, 1971. Plaintiff appealed this decision to the Board of Immigration Appeals, which appeal was dismissed on October 8, 1971. Plaintiff was ordered by the Board to depart voluntarily by November 8, 1971. Plaintiff did not depart on that date. On November 23, 1971 the complaint was filed in this cause, seeking review of the administrative decision of the Board of Immigration Appeals.

After full consideration of all papers filed in this matter, the court finds that the only issue before the court is whether defendant abused its discretion when it refused to permit the plaintiff to remain in the United States after plaintiff's non-immigrant visitor visa expired on March 5, 1971, in view of the fact that plaintiff's petition for a third preference visa was approved on January 29, 1971.

Plaintiff cites no statutory authority, or case authority to support her contention that she has a right to remain in the United States until a third preference visa number is available, or that the approval of plaintiff's third preference petition supersedes the order extending her visitor's visa to only March 5, 1971. Plaintiff is presently in the United States as a non-immigrant visitor. That status expired as of March 5, 1971 and was not extended. She has been given two opportunities to depart voluntarily in order to avoid deportation, but she has failed to depart voluntarily. In principle, pursuant to the approval of her petition for third preference status, plaintiff will be eligible to enter the United States as an immigrant when an appropriate visa number becomes available. Until such time as a visa number becomes available, she must wait somewhere other than the United States since her permission to remain in the United States as a visitor has expired. As Judge Perry has stated in the closely related case:

> The third preference visa granted to the plaintiff was a matter of privilege and did not bestow upon her a right to remain in this country when the authorized period of her visit had expired and the quota was exhausted. Geronimo v. Immigration and Naturalization Service, 71 C 2134 at p. 8. (N.D.Ill. January 18, 1972)

The correctness of the order of the Special Inquiry Officer as affirmed by the Board of Immigration Appeals is the only question before this court. The findings of fact by the Special Inquiry Officer have not been challenged here. Plaintiff argues that she should have been put in a special class of aliens who are permitted to remain in this country until the desired visas become available, and that the failure to include her in this special class constitutes an abuse of administrative discretion. As indicated above, plaintiff directs us to no statutory or case authority for the creation of such a class. Plaintiff argues, and defendant does not deny, that there is an informal administrative policy by which deportation orders for certain aliens are stayed until an appropriate visa number becomes available. Defendant argues that these orders are granted only on a case by case basis, and are exclusively a matter within its administrative discretion.

This court feels bound by the authority as expressed in Spata v. Immigration and Naturalization Service, 442 F.2d 1013 (2d Cir. 1971) and Manantan v. Immigration and Naturalization Service, 425 F.2d 693 (7th Cir. 1970). These cases indicate that the decision concerning the extension of visitor visas to allow persons to await the availability of new visa numbers is left to the discretion of the Immigration and Naturalization Service. On the basis of the facts presented here, there has been no clear abuse of administrative discretion.

**1036**

However, this court wishes to express some misgivings concerning the exercise of this important administrative discretion without any rules which structure and limit its exercise. As the significance of administrative authority becomes more pervasive, it becomes increasingly important that administrative discretion be limited, structured and checked by rules and/or articulated policies which will promote even handedness of application.

The equal protection clause of the 14th Amendment is applicable only to the states. Plaintiff has been afforded procedural due process as required by the 5th Amendment. The court finds that the contention that plaintiff was treated unfairly and in violation of due process of law, as guaranteed by the 5th Amendment is without merit. The court finds that the determination of the Immigration and Naturalization Service in this case is supported by the record and constitutes a proper exercise of administrative discretion.

Defendant's motion for summary judgment is granted. Case dismissed.