MATTER OF ALARAS

In Deportation Proceedings

A-19727506

A-19717874

*Decided by Board February 23, 1973*

Approval of a third preference visa petition on behalf of a nonimmigrant alien illegally in the United States does not restore the alien to a valid nonimmigrant status nor does it directly affect the alien's right to remain in the United States before the visa at least becomes available. The withholding or institution of deportation proceedings against such alien is a matter solely within the province of the District Director (*Matter of Geronimo*, 13 I. & N. Dec. 680).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer (both respondents)

ON BEHALF OF RESPONDENTS: Samuel D. Myers, Esquire
134 North LaSalle Street
Chicago, Illinois 60602
(Brief filed)

Of counsel:
Irving I. Freedman, Esquire

This case relates to a husband and wife, natives and citizens of the Philippines, who were admitted into the United States as nonimmigrant visitors for pleasure. They remained longer than authorized by the Service. At a deportation hearing held on May 18, 1972 the special inquiry officer found them deportable as charged. Thereafter, on July 17, 1972, further hearing was held and the special inquiry officer granted the respondents' application for voluntary departure within a period of 30 days in lieu of deportation with an alternate order of deportation to the Philippines. The finding of deportability was established by evidence which is clear, convincing and unequivocal.

The record reflects that on December 30, 1970 the female respondent's third preference visa petition was approved. The male respondent has no approved visa petition. Pursuant to the

United States Immigration Service policy a decision was made not to grant the respondents extended voluntary departure, and the respondents were ordered to appear for their deportation hearing. Prior thereto the respondents filed a complaint in the United States District Court, Northern District of Illinois, Eastern Division seeking (1) to cancel the scheduled deportation proceedings and (2) a grant of indefinite voluntary departure until such time as they are eligible to apply for permanent resident status in accordance with the Service's internal Operations Instrutions.

On appeal, counsel for respondents contends, in effect, that the District Director's approval of the female respondent's visa petition somehow suspended the grounds for deportation, so that she is permitted to remain here indefinitely until such time as her turn is reached on the quota list, after which she will be eligible to apply for adjustment of her status to that of permanent resident under section 245 of the Act without having to leave the United States. Counsel further contends that because the decision to institute proceedings against the female respondent was contrary to a Service policy set forth in Service Operations Instructions, due process of law requires that she be confronted with the reason why she was treated differently and the evidence substantiating that reason, and given an opportunity to refute such evidence. We reject counsel's contentions.

The female respondent was admitted as a nonimmigrant until January 6, 1971, received no extension beyond that date, and has remained longer than permitted. The approval thereafter of her visa petition and its current validity did not restore her to a valid nonimmigrant status. The approval of a visa petition merely paves the way for ultimate issuance of an immigrant visa. It does not directly affect the alien's right to enter or remain in the United States before the visa itself is issued or at least becomes available. Indeed, most beneficiaries of visa petitions are aliens residing abroad, who gain no residence rights here by the mere approval of the petition. Respondent gained no added rights by the circumstance that she happened to be in the United States, rather than abroad, when her visa petition was approved.

All of counsel's contentions made on appeal challenge the District Director's action in starting the deportation proceedings. Obviously, no useful purpose would be served in making a record on this issue before the special inquiry officer unless he has power to review the District Director's action in this regard. We adhere to the view expressed in *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA, 1971) that ". . . it is within the District Director's prosecutive discretion whether to institute deportation proceedings against a deportable alien or temporarily to withhold such pro-

ceedings. Where such proceedings have begun, it is not the province of the special inquiry officer (or of this Board on appeal) to review the wisdom of the District Director's action in starting the proceedings, but to determine whether the deportation charge is sustained by the requisite evidence. . . ."

We have consistently held that whether to proceed against a deportable alien or to withhold institution of deportation proceedings while he pursues a collateral remedy is completely within the prosecutive discretion of the District Director, which neither the special inquiry officer nor this Board may review, *Matter of Geronimo, supra.* The courts have endorsed this view *Manantan v. INS,* 425 F.2d 693 (C.A. 7, 1970); *Bowes v. INS,* 443 F.2d 30 (C.A. 9, 1971); *Spata v. INS,* 422 F.2d 1013 (2 Cir., 1971), cert. denied 404 U.S. 875. See also *Lumarque v. INS,* (C.A. 7, No. 71–1886, June 12, 1972), in which the court, in commenting on the applicable Service Operations Instructions, said in pertinent part as follows: ". . . The operating instruction clearly contemplates a discretionary use of the voluntary departure procedure. A grace normally afforded does not become an enforceable right merely because it is described as a normal practice in an internal operating instruction." Accordingly, the following order will be entered.

ORDER: The appeals are hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondents be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondents shall be deported as provided in the special inquiry officer's order.