MATTER OF MERCED

In Deportation Proceedings

A-20127277
A-19571758

*Decided by Board March 21, 1974*

The granting to an alien, after he has become deportable, of permission to remain in the United States until further notice as the beneficiary of an approved visa petition in accordance with Operations Instruction 242.10(a) does not confer on the alien beneficiary any irrevocable right or privilege and does not preclude the district director from instituting deportation proceedings, in his discretion, against the alien.

CHARGE:

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]— Nonimmigrant visitors for pleasure—remained longer than permitted.

ON BEHALF OF RESPONDENTS: George N. P. Palmo, Esquire
31 West Congress Street
Savannah, Georgia 31401

This is an appeal from an order of an immigration judge, dated August 16, 1972 finding the respondents deportable as charged, denying their request to terminate the proceedings and directing their deportation to the Philippines. The appeal will be dismissed.

The respondents are aliens, husband and wife, natives and citizens of the Philippines. The husband entered the United States on January 21, 1971 and his wife entered the United States on April 27, 1970. They were admitted as nonimmigrant visitors for pleasure. They remained beyond the time authorized by the Service.

The record shows that on October 28, 1971, the District Director approved a visa petition on behalf of the male respondent and advised the male respondent that he was granted permission to remain in the United States until further notice. The granting of continuation of this privilege was conditioned upon retention of his status established in the approved visa petition. On June 16, 1972, the District Director advised the male respondent that his visa petition was approved. However, authorization for the respond-

644

ents to remain in the United States was revoked. On July 26, 1972 Orders to Show Cause were issued wherein it is charged that the respondents are subject to deportation as overstays pursuant to section 241(a)(2) of the Immigration and Nationality Act.

On appeal counsel contends (1) that the revocation of the permission to remain in the United States until an immigrant visa is available to the respondents is an arbitrary violation of the immigration policy and against the interests of the United States; (2) that the deportability of the respondents on the grounds set forth in the orders to show cause was based on an arbitrary action of the District Director; and (3) that the respondents meet the requirements of Operations Instructions 242.10, inasmuch as the male respondent is the beneficiary of an approved third preference petition. We reject counsel's contentions.

The male respondent was admitted as a nonimmigrant and received an extension of stay until September 21, 1971. The District Director's letter of October 28, 1971 may have given the respondent the erroneous impression that it constituted an indefinite extension of stay. Actually, by that time the respondent was no longer in status, and was deportable as an overstayed visitor. The District Director did not confer on the male respondent any irrevocable right or privilege of remaining here permanently. All he did was to refrain temporarily from instituting deportation proceedings against a deportable alien, an exercise of prosecutive discretion which is committed exclusively to the Service's enforcement officials and which neither we nor the immigration judge may review, *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA 1971); *Matter of Gallares*, Interim Decision 2177 (BIA 1972). The courts have endorsed this view, *Manantan v. INS*, 425 F.2d 693 (C.A. 7, 1970); *Bowes v. District Director*, 443 F.2d 30 (C.A. 9, 1971); *Spata v. INS*, 442 F.2d 1013 (C.A. 2, 1971), cert. denied 404 U.S. 875. The courts have also endorsed our view that a service policy of leniency with respect to beneficiaries of approved visa petitions confers no immutable right to remain here permanently, *Armstrong v. INS*, 445 F.2d 1395 (C.A. 9, 1971); *Vassiliou v. District Director*, 461 F.2d 1193 (C.A. 10, 1972); *Discaya v. INS*, 339 F.Supp. 1034 (N.D. Ill. 1972).

There is no merit to the respondents' claim that they cannot be deported because they came within the definition of the Immigration and Naturalization Service's internal operating instructions, Operations Instruction 242.10(a). In *Lumarque v. INS*, unreported (7 Cir. No. 71–1886, June 12, 1972), the court, in commenting on the applicable Service Operations Instructions, stated in pertinent part as follows: "... The operating instruction clearly contemplates a discretionary use of the voluntary departure procedure. A

grace normally afforded does not become an enforceable right merely because it is described as a normal practice in an internal operating instruction." In a recent case, *Alaras* v. *INS*, (7 Cir. No. 73–1291, August 14, 1973), the court, citing *Lumarque*, said that the language of the pertinent Operations Instructions is permissive rather than mandatory.

In his brief counsel objects to the appearance of the Acting District Director in the role of the trial attorney. In our examination of the record, it is clear that there is a clear separation of functions. The immigration judge confined himself entirely to the performance of his quasi-judicial duties and the Acting District Director performed his prosecutive function and in no way derogated from the authority of the immigration judge.

In our review of the record, we find that the respondents were accorded the requisite of a due process hearing, that the decision of the immigration judge was based upon the evidence adduced at the hearing, that the evidence upon which the decision was based is clear, convincing and unequivocal, and that the immigration judge properly applied the pertinent legal principles. Accordingly, we shall affirm the immigration judge's order and dismiss the appeal.

**ORDER:** The decision of the immigration judge is affirmed and the appeal is dismissed.