## MATTER OF QUINTERO

### In Deportation Proceedings

### A-24229344 ·

*Decided by Board November 16, 1982* ·

(1) Deferred action status, granted pursuant to Operations Instructions 103.1(a)(1)(ii), is a matter of the District Director's prosecutorial discretion and, therefore, neither the immigration judge nor the Board may grant such status or review a decision of the District Director to deny it.

(2) Deferred action status may be requested at any stage in deportation proceedings and, therefore, it was not error for the immigration judge to refuse to adjourn the hearing for an alien to pursue that relief.

(3) The immigration judge's authority to grant voluntary departure does not confer on him the power to accord an alien extended voluntary departure since such authority is within the exclusive jurisdiction of the District Director.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(20), [8 U.S.C. 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF RESPONDENT:
Byron B. Park, Esquire
681 Market Street, Suite 1031
San Francisco, California 94105

Michael Maggio, Esquire
1800 Belmont Road, N.W.
Washington, D.C. 20009

ON BEHALF OF SERVICE:
Ronald E. Le Fevre
General Attorney

Gerald Hurwitz
Appellate Trial
Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated October 22, 1981, the immigration judge found the respondent deportable on his own admissions and granted him voluntary departure on or before April 1, 1982. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who last entered the United States on April 5, 1977. The record reflects that his wife is a lawful permanent resident whose visa petition has been approved to · accord the respondent second-preference classification. They have two · children, one of whom is a United States citizen.

At his deportation hearing the respondent made a motion to adjourn the proceedings in order to allow the District Director to act on his request for termination of the proceedings or for deferred action status pursuant to Operations Instruction 103.1(a)(1)(ii).[1] He argued that the District Director should have granted him permission to remain until a visa number was available because of the hardship his deportation would cause his family. He further contended that the immigration judge should grant him deferred action status or indefinite voluntary departure if the District Director declined to accord him relief. The immigration judge denied the respondent's motion to adjourn and found that he was without jurisdiction to grant deferred action status.

The respondent has reiterated his arguments on appeal and further contends that the immigration judge erred in refusing to adjourn the hearing so that the District Director could address his request for deferred action status. We find his contentions to be without merit.

As the Operations Instruction indicates, deferred action status is an informal administrative stay of deportation which is granted only where the District Director, with the Regional Commissioner's approval, finds it to be warranted. See *Wan Chung Wen v. Ferro*, 543 F. Supp. 1016 (W.D.N.Y. 1982). Such permission to remain in this country indefinitely is bestowed as a matter of prosecutorial grace and accords no rights to permanent residence. See *Soon Bok Yoon v. INS*, 538 F.2d 1211 (5 Cir. 1976); *Zacharakis v. Howerton*, 517 F.Supp. 1026 (S.D. Fla. 1981); *Discaya v. INS*, 339 F. Supp. 1034 (N.D. Ill. 1972); *Matter of Lennon*, 15 I&N Dec. 9 (BIA 1974), *rev'd on other grounds, Lennon v. INS*, 527 F.2d 187 (2 Cir. 1975); *see also Manantan v. INS*, 425 F.2d 693 (7 Cir. 1970); *Matter of Merced*, 14 I&N Dec. 644 (BIA 1974); *Matter of Gallares*, 14 I&N Dec. 250 (BIA 1972); *but see Nicholas v. INS*, 590 F.2d 802 (9 Cir. 1979); *Petition of Guerrero-Morales*, 512 F.Supp 1328 (D. Minn. 1981).[2]

---

[1] Operations Instruction 103.1(a)(1)(ii) provides in pertinent part:

The district director may, in his discretion, recommend consideration of deferred action, an act of administrative choice to give some cases lower priority and in no way an entitlement, in appropriate cases. (Revised)

The deferred action category recognizes that the Service has limited enforcement resources and that every attempt should be made administratively to utilize these resources in a manner which will achieve the greatest impact under the immigration laws. . . .

. . . .

If the district director determines that a recommendation for deferred action should be made, it shall be made to the regional commissioner concerned on Form G-312, which shall be signed personally by the district director, and the basis for his recommendation shall be set forth therein specifically. . . .

[2] The Operations Instruction was revised subsequent to the decisions in *Nicholas v. INS* and *Petition of Guerrero-Morales, supra. See Wan Chung Wen v. Ferro, supra.*

Authority for a grant of deferred action status appears only in the Operations Instructions. It is mentioned nowhere in the statute or the regulations and is simply the result of an administrative policy to give low priority to the enforcement of the immigration laws in certain cases.[3] *See Zacharakis v. Howerton, supra.* Consequently, the prosecutorial discretion exercised in granting deferred action status is committed exclusively to the Service enforcement officials. *See Soon Bok Yoon v. INS, supra; Vergel v. INS,* 536 F.2d 755 (8 Cir. 1976); *Zacharakis v. Howerton, supra; Spata v. INS,* 442 F.2d 1013 (2 Cir.), *cert. denied,* 404 U.S. 857 (1971); *Discaya v. INS, supra.* Inasmuch as deferred action status is a function of the District Director's prosecutorial authority, neither the immigration judge nor the Board may grant such status or review a decision of the District Director to deny it. *See Lopez-Telles v. INS,* 564 F.2d 1302 (9 Cir. 1977); *Matter of Merced, supra; Matter of Gallares, supra; Matter of Geronimo,* 13 I&N. Dec. 680 (BIA 1971).

Furthermore, since the respondent can request deferred action status at any stage in the proceedings, the immigration judge did not err in refusing to adjourn the hearing to allow him to pursue that relief. *See* 1A C. Gordon and H. Rosenfield, *Immigration Law and Procedure* section 5.3e(7)(1982); *Manantan v. INS, supra.* Likewise, the immigration judge's refusal to continue the hearing until a visa number was available was proper because he may neither terminate nor indefinitely adjourn the proceedings in order to delay an alien's deportation. *See Bowes v. INS,* 443 F.2d 30 (9 Cir. 1971). Once deportation proceedings have been initiated by the District Director, the immigration judge may not review the wisdom of the District Director's action, but must execute his duty to determine whether the deportation charge is sustained by the requisite evidence in an expeditious manner. *See Lopez-Telles v. INS, supra; Matter of Geronimo, supra.* In any case, the fact that the respondent has an approved visa petition does not entitle him to delay the completion of deportation proceedings pending availability of a visa number. *See Armstrong v. INS,* 445 F.2d 1395 (9 Cir. 1971); *Manantan v. INS, supra; Matter of Merced, supra; Matter of Agarwal,* 13 I&N Dec. 171 (BIA 1969). We conclude therefore that the immigration judge did not abuse his discretion in denying the respondent's motion to adjourn.

The respondent has argued that the immigration judge's authority to grant voluntary departure confers on him the power to accord extended voluntary departure, which he contends is equivalent to deferred action status. Unlike extended voluntary departure which allows an alien to remain in this country indefinitely, voluntary departure is only granted

---

[3] The factors considered in determining whether deferred action status should be granted are set forth in the Operations Instruction.

350.

to aliens who have established that they are willing and have the immediate means to depart promptly from the United States. *See* 8 C.F.R. 244.1. As the respondent notes, the immigration judge is not limited as to the period of time he may grant for voluntary departure. *See Hernandez-Rivera* v. *INS*, 630 F.2d 1352 (9 Cir. 1980); *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977). However, it is well established that the immigration judge may not grant voluntary departure for an indefinite period of time. *See Matter of Anaya*, 14 I&N Dec. 488 (BIA 1973), *aff'd sub nom. Anaya-Perchez* v. *INS*, 500 F.2d 574 (5 Cir. 1974); *Matter of Chamizo*, 13 I&N Dec. 435 (BIA 1969). Furthermore, jurisdiction to grant extended voluntary departure, as well as deferred action status, lies solely with the District Director. *See* 8 C.F.R. 244.2; *Manantan* v. *INS*, *supra*, *Matter of Anaya*, *supra*. The respondent's argument is therefore without merit. ·

Finally, we conclude that the immigration judge did not abuse his discretion in declining to grant the respondent 2 years for voluntary departure as requested. The usual period of time allowed for voluntary departure is 30 days. *See Matter of M-*, 4 I&N Dec. 626 (BIA 1952). Taking into consideration the facts that the respondent has a lawful permanent resident wife and a United States citizen child and is the beneficiary of an approved visa petition, we find that the period of over 5 months granted by the immigration judge was more than adequate. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, *supra*, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of his failure so to depart, the respondent shall be deported as provided in the immigration judge's order.