**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4185
_____

SACHIN PATEL,
                                        Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A089-086-416)
Immigration Judge: Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2013

Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: April 18, 2013)
_____

OPINION
_____

PER CURIAM

Sachin Patel ("Patel") petitions for review of the Board of Immigration Appeals'

final order of removal.  For the reasons that follow, we will deny the petition for review.

Patel, a native and citizen of India and a minor, arrived in the United States,

apparently unaccompanied, on July 4, 2008 at Newark International Airport.  He had an

Indian passport that contained a fraudulently obtained non-immigrant tourist visa.  On

1

July 5, 2008, the Department of Homeland Security ("DHS") initiated removal proceedings by serving a Notice to Appear on Patel. The NTA charged that Patel was removable pursuant to Immigration & Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document.

On August 18, 2008, Patel appeared with counsel before an immigration judge. He requested and received a ninety-day continuance to seek counsel in Indiana, where, following a suitability assessment, he hoped to be placed with his maternal aunt. On November 17, 2008, Patel requested an additional continuance, his counsel explaining that additional time was needed to obtain an affidavit of support from his aunt who was then out of the country. The immigration judge continued the case until January 12, 2009, and then the case was continued again until February 9, 2009. After the suitability assessment failed, Patel was released into the custody of his natural mother and the proceedings were transferred to Philadelphia.[1]

On March 30, 2009, Patel appeared in Immigration Court in Philadelphia. The Philadelphia Immigration Judge granted a continuance until October 5, 2009 to allow Patel to obtain counsel. Subsequently, the October 5, 2009 hearing was continued and the IJ scheduled the case for a master hearing on February 1, 2010. Patel appeared with counsel on February 1, 2010, admitted the allegations in the NTA, and conceded removability. Patel's counsel asked for a continuance through the end of June, 2010 to allow Patel, who was then attending high school, to finish the school year.

---

[1] Patel's mother does not have legal status.

Eventually, the IJ continued the case for a master hearing on June 28, 2011. On June 21, 2011, Patel filed a motion to continue, asserting that he had a United States citizen fiancée he would like to marry. On June 28, 2011, Patel appeared at the scheduled hearing before the IJ. The IJ denied the motion to continue, finding that Patel would not likely be able to adjust his status. Patel then alleged for the first time, at his mother's urging, that he had a fear of returning to India because certain political organizations recruit young people and there are negative consequences for those who refuse to join. The IJ continued the case, out of an abundance of caution, to allow Patel to file a Form I-589 asylum application. No such application was ever filed.

Instead, on August 22, 2011, Patel appeared with counsel before the IJ, and again requested a continuance, this time so that he could apply for relief under a newly announced DHS policy concerning deferred action in the removal of minors. (According to counsel, it was anticipated that Patel, who was then 17 years old, would graduate high school in December, 2011. A.R. 144.) On that same day, the IJ denied Patel's motion for a continuance and Patel was ordered removed to India. The IJ found Patel removable as charged, noting that he had no pending claims for relief in the form of asylum, withholding of removal, or adjustment of status, and, furthermore, as an arriving alien he was ineligible for voluntary departure. The IJ refused to grant any further continuances because any relief under the newly announced DHS policy was entirely speculative, and thus Patel had not shown good cause to continue the matter any further.

Patel timely appealed to the Board of Immigration Appeals, and DHS moved to summarily affirm the IJ's order. On October 12, 2012, the Board dismissed Patel's appeal, agreeing with the IJ that, in seeking relief under the newly announced DHS

3

policy, Patel had failed to show good cause for a continuance in Immigration Court. Citing Matter of Quintero, 18 I. & N. Dec. 348 (BIA 1982), the Board noted that only DHS, and not the IJ, may entertain a request for the exercise of prosecutorial discretion; that such requests must be made directly to DHS; and that they may be made even after the entry of a removal order. In the margin, the Board noted generally that, on June 15, 2012, DHS announced that certain young people, who are low law enforcement priorities, will be eligible for deferred action, under a policy known as "Consideration of Deferred Action for Childhood Arrivals."

Patel timely petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1), and Khan v. Att'y Gen. of U.S., 448 F.3d 226, 233 (3d Cir. 2006) (Court has jurisdiction to review denial of alien's request for continuance). In his brief, Patel argues that the agency abused its discretion and violated due process when it refused to grant an additional continuance to allow him to apply for relief under the new DHS policy. He emphasizes that he is a minor, and he argues that procedures are *now* available for applying for relief under the new policy. See Petitioner's Brief, at 3-4. Moreover, DHS would not have been prejudiced had one last continuance been granted.

We will deny the petition for review. An IJ may "grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29. Where, as here, the Board agreed with the IJ, we review an IJ's decision to deny a continuance for abuse of discretion, see Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003), and will reverse it only if the decision is arbitrary, irrational or contrary to law, see Hashmi v. Att'y Gen. of U.S., 531 F.3d 256, 259 (3d Cir. 2008). There are no bright-line rules for resolving whether the denial of a continuance constitutes an abuse of discretion; the issue "must be resolved on

4

a case by case basis according to the facts and circumstances of each case." Ponce-Leiva, 331 F.3d at 377 (quoting Baires v. Immigration & Naturalization Serv., 856 F.2d 89, 91 (9th Cir. 1988)). Relevant considerations may include the nature of the alien's claim. Baires, 856 F.2d at 91; Hashmi, 531 F.3d at 259-61.

We note that DHS's website states, with respect to "Consideration of Deferred Action for Childhood Arrivals Process," that:

> [C]ertain people who came to the United States as children and meet several key guidelines may request consideration of deferred action for a period of two years, subject to renewal, and would then be eligible for work authorization. Deferred action is a discretionary determination to defer removal action of an individual *as an act of prosecutorial discretion.* Deferred action does not provide an individual with lawful status.

Consideration of Deferred Action for Childhood Arrivals Process, at www.uscis.gov (updated January 18, 2013) (emphasis added). Accordingly, the relief Patel seeks is, as the Board and IJ noted, a matter of prosecutorial discretion.

We conclude that the IJ acted within her broad discretion in denying Patel's motion for a continuance. The authority to exercise prosecutorial discretion in immigration cases lies solely with DHS as the federal agency responsible for the administration and enforcement of the immigration laws. See 8 U.S.C. § 1103(a). The IJ has no obligation to grant a continuance if there is only the speculative possibility that at some point in the future the alien might receive prosecutorial discretion. Quintero, 18 I. & N. Dec. 348, also involved the exercise of prosecutorial discretion in granting deferred action, and there the Board held that, where the deferred action "is mentioned nowhere in the statute or the regulations and is simply the result of an administrative policy to give low priority to the enforcement of the immigration laws in certain cases," adjournment of removal proceedings and indefinite continuances are unwarranted, id. at 350. Once

5

removal proceedings have been initiated by DHS, the IJ may not review the wisdom of the decision to initiate proceedings, "but must execute his duty to determine whether the [removal] charge is sustained by the requisite evidence in an expeditious manner." Id.

We agree with Quintero. Patel thus cannot demonstrate that the IJ's actions were arbitrary, irrational, or contrary to law. The IJ did not abuse her discretion when she denied Patel's request for a continuance. Cf. Khan, 448 F.3d at 235 (finding no abuse of discretion in denying continuance where alien offered only speculative possibility that at some point in the future his wife might receive labor certification). Patel, by necessary implication, suggests that he qualifies for the new discretionary relief, but he does not identify any facts in support of his assertion, and he does not state that he has even applied for the discretionary relief. Moreover, as DHS points out in its brief, see Respondent's Brief, at 11 n.4, under the guidelines an individual seeking deferred action must prove that as of the date he files his request for deferred action he has resided continuously in the United States since June 15, 2007. See Guidelines, Consideration of Deferred Action for Childhood Arrivals, at www.uscis.gov/USCIS/Resources/daca.pdf. Patel admitted during the removal proceedings that he attempted to enter the United States on July 4, 2008. He thus does not appear to be eligible for deferred action under the program because he has not resided continuously in the United States since June 15, 2007.

For the foregoing reasons, we will deny the petition for review.