**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3013
_____

NELSON BELTRANENA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A086-960-724)
Immigration Judge: Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

February 6, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

Nelson Beltranena ("Beltranena") petitions for review of the Board of Immigration Appeals' final order of removal. For the reasons that follow, we will deny the petition for review.

Beltranena, a native and citizen of El Salvador, entered the United States in April, 2002 as a visitor authorized to remain for six months. He remained beyond that time, and, on May 1, 2008, the Department of Homeland Security ("DHS") initiated removal proceedings against him pursuant to 8 U.S.C. § 1227(a)(1)(B) by filing a Notice to Appear in Immigration Court. On June 9, 2009, Beltranena appeared with counsel, conceded the charge, indicated that he would be applying for an S visa, and asked for a continuance.[1] The Immigration Judge granted the continuance. After that, Beltranena asked for and received numerous continuances. Finally, the case was reset for February 7, 2012. On February 7, 2012, counsel for Beltranena stated that the S visa application "has not been completed" and that he "was conferencing briefly with [DHS counsel] about possible prosecutorial discretion . . . ." A.R. 87. The IJ generously again agreed to postpone the case, and it was reset for August 13, 2012.

---

[1] Under 8 U.S.C. § 1101(a)(15)(S), a person in possession of critical reliable information concerning a criminal organization or enterprise who is willing to supply or has supplied such information to federal or state law enforcement authorities and whose presence in the United States the Attorney General determines is essential to the success of an authorized criminal investigation or prosecution is eligible to receive one of the limited number of S visas that are issued each year. See 8 C.F.R. § 214.2(t)(1), (4).

At the hearing on August 13, 2012, Beltranena's counsel stated that the S visa application had been returned,[2] and that he was not confident that refiling it would prove successful. Counsel again asked the IJ for another continuance so that he could pursue "prosecutorial discretion" with DHS. In light of the disclosure that an S visa application was not currently pending, Government counsel would not agree to any more continuances. The IJ then asked Beltranena's counsel if he could get the Borough of Red Bank Chief of Police to verify that he planned to resubmit the S visa application. Counsel said that he could, and the IJ then gave him the opportunity to return to court that afternoon with the letter. With respect to Beltranena's alternative request, Government counsel indicated that "prosecutorial discretion" to discontinue removal proceedings would not be forthcoming.

The hearing continued that afternoon and Beltranena's counsel produced a letter from Chief of Police Stephen McCarthy, in which he explained that Beltranena had assisted in two investigations; the letter did not, however, specifically state that the Red Bank police would be resubmitting the S visa application. A.R. 131. Counsel explained to the IJ that the Chief of Police did not believe "that it would be a constructive exercise to go through a resubmission" of the S visa application, and counsel thus acknowledged that he was not pursuing any further adjournments for an S visa. A.R. 116-17. After Government counsel made clear that DHS would not exercise its prosecutorial discretion to close the case administratively, the IJ denied Beltranena's motions to continue and

---

[2] The administrative record shows that the S visa application was returned to the Borough of Red Bank Police Department by a U.S. Department of Justice trial attorney because it lacked certain documents and endorsements. A.R. 132.

administratively close the proceedings, and ordered him removed to El Salvador.  The IJ explained that she had no power over DHS's prosecutorial discretion, and, to the extent that she could on her own authority close a case administratively, see Matter of Avetisyan, 25 I. & N. Dec. 688 (BIA 2012) (reversing earlier decision and holding that Immigration Judges may administratively close cases even if the government opposes it), it was not appropriate in Beltranena's case because no S visa application was pending and the Government was emphatic that it would not exercise its discretion to discontinue removal proceedings.  The IJ distinguished Avetisyan on the ground that, there, the alien had a visa application pending that might have had an impact on the outcome of the case. Beltranena, in contrast, had come to the end of the road.

Beltranena appealed through his same counsel to the Board of Immigration Appeals, contending that he had established good cause to continue or administratively close the proceedings; that he furnished documentary evidence of his cooperation with law enforcement, which was the basis for his motion to continue to seek prosecutorial discretion; and that the IJ failed to properly consider and weigh the evidence and equities in his case.  In his brief, Beltranena discussed the 2011 memorandum issued by Immigration and Customs Enforcement Director John Morton regarding prosecutorial discretion.[3]  On May 29, 2013, the Board affirmed without opinion the decision of the IJ. See 8 C.F.R. § 1003.1(e)(4).

---

[3] See John Morton, U.S. Immigration & Customs Enforcement, *Exercising Prosecutorial Discretion Consistent With the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens* (June 17, 2011), available at http://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf.

4

Beltranena has petitioned for review. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and (b)(1) to review final orders of removal, and, under Khan v. Att'y Gen. of U.S., 448 F.3d 226, 233 (3d Cir. 2006), we have jurisdiction to review the denial of an alien's request for a continuance. Through new counsel, Sandra Greene, Esquire, Beltranena contends that the IJ erred in denying any further continuances where she directed Beltranena to obtain a specific piece of evidence and then deemed it irrelevant once it was obtained; where she ignored the Government attorney's failure to come to the hearing prepared to proceed; and where her conduct toward Beltranena and his former counsel was hostile and biased.

We will deny the petition for review. Where, as here, the Board affirms a decision of the IJ without opinion, we review the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). An IJ may "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review an IJ's decision to deny a continuance for abuse of discretion, see Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003), and will reverse it only if the decision is arbitrary, irrational or contrary to law, see Hashmi v. Att'y Gen. of U.S., 531 F.3d 256, 259 (3d Cir. 2008). There are no bright-line rules for resolving whether the denial of a continuance constitutes an abuse of discretion; the issue "must be resolved on a case by case basis according to the facts and circumstances of each case." Ponce-Leiva, 331 F.3d at 377 (quoting Baires v. Immigration & Naturalization Serv., 856 F.2d 89, 91 (9th Cir. 1988)). Relevant considerations may include the nature of the alien's claim. Baires, 856 F.2d at 91; Hashmi, 531 F.3d at 259-61.

5

The authority to exercise prosecutorial discretion in immigration cases lies solely with the Department of Homeland Security as the federal agency responsible for the administration and enforcement of federal immigration law. See 8 U.S.C. § 1103(a). The Department may exercise that discretion at any stage of the removal process, including at the review stage, and even after we deny a petition for review. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 483-85 (1999). See also 8 C.F.R. § 241.6. Only DHS, and not the IJ, may entertain a request for the exercise of prosecutorial discretion. See Matter of Quintero, 18 I. & N. Dec. 348 (BIA 1982). The factors that determine whether a continuance should be granted are much the same as the factors the Board identified in Avetisyan for administratively closing a case, and include the likelihood that the alien will succeed on an application or petition that is being pursued outside of removal proceedings, and the anticipated duration of the closure. See 25 I. & N. Dec. at 696.

Here, Government counsel made clear at the August 13, 2012 hearing that DHS had decided not to exercise discretion in Beltranena's favor. A.R. 105-06, 123 ("[T]he Government has made a determination at this point that it will not exercise prosecutorial discretion"). In addition, former counsel conceded that he had up-to-date information that the Red Bank police would not be resubmitting the S visa application. The IJ then determined that Beltranena did not establish good cause to continue the proceedings because he conceded that he had no applications for relief pending and because he sought a further postponement only so that he could continue to pursue prosecutorial discretion, despite Government counsel's statement that prosecutorial discretion would not be

6

forthcoming. That decision was an appropriate exercise of the IJ's discretion because there was no basis in the record to predict that any future action regarding removal would be favorable to Beltranena. See Contreras v. Att'y Gen. of U.S., 665 F.3d 578, 587 (3d Cir. 2012) (no abuse of discretion in denying request for continuance where continuance would be indefinite and there was only speculative possibility that relief sought would be available); Khan, 448 F.3d at 235 (same).

Beltranena contends that the IJ abused her discretion by ordering him to obtain a piece of evidence and then deeming it irrelevant, and by ignoring Government counsel's failure to come to the hearing prepared to proceed. See Petitioner's Brief, at 2, 4, 19-20. These contentions are meritless. Former counsel returned with a letter from Chief McCarthy but it contained no assurance that the police department would resubmit the S visa application. Former counsel then properly conceded that he had run out of options with respect to an S visa. In agreeing with former counsel, the IJ did not deem the evidence irrelevant to the issue of whether proceedings should be continued or closed. In addition, the record leaves no doubt that Government counsel was adequately prepared to address the prosecutorial discretion issue.

Last, we lack jurisdiction to review current counsel's claim that the IJ's hostile conduct toward former counsel and bias interfered with Beltranena's right to a full and fair hearing, see id. at 49, because the issue was not raised with the Board. A petitioner must exhaust all administrative remedies available as a prerequisite to raising a claim before this Court. 8 U.S.C. § 1252(d)(1); Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). Failure to present an issue to the agency constitutes a failure to exhaust. See Lin

7

v. Att'y Gen. of U.S., 543 F.3d 114, 119-20 (3d Cir. 2008). In any event, if we could reach the issue, we would reject it as plainly meritless because it finds no support whatsoever in the record.

For the foregoing reasons, we will deny the petition for review.