# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2092

_____

Mario Alberto Selvan-Selvan

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 14, 2014
Filed: April 29, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mario Alberto Selvan-Selvan, a native citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the immigration judge's ("IJ") denial of his motions to reopen and to stay his removal proceedings. We deny the petition.

## I. BACKGROUND

In 1999, Selvan-Selvan entered the United States without permission. On July 6, 2012, the Department of Homeland Security ("DHS") filed a Notice to Appear, initiating removal proceedings against Selvan-Selvan. On July 30, 2012, Selvan-Selvan appeared before the IJ and admitted all factual allegations, conceded removability and requested voluntary departure. The IJ granted voluntary departure and ordered Selvan-Selvan's departure on or before August 7, 2012. The IJ also entered an alternative order for departure stating that, if the voluntary departure conditions were not met, voluntary departure would be withdrawn and Selvan-Selvan would be removed to Mexico.

On August 6, 2012, one day before his voluntary departure period expired, Selvan-Selvan filed motions to reopen and to stay his removal. Selvan-Selvan requested the IJ reopen his removal proceedings in order to allow him to apply for Deferred Action for Childhood Arrivals ("DACA")[1] relief. On August 7, 2012, the IJ denied the motions for numerous reasons: (1) Selvan-Selvan was ineligible to obtain prosecutorial discretion under DACA because he was not currently in school, had not completed high school or obtained an equivalent degree, nor had he served in the Coast Guard or Armed Forces; (2) Selvan-Selvan was previously evaluated for DACA relief; and (3) the IJ was without jurisdiction to grant Selvan-Selvan prosecutorial discretion. DHS removed Selvan-Selvan from the United States upon the IJ's decision, pursuant to the IJ's initial, alternative order for departure.

---

[1] On June 15, 2012, the Secretary of Homeland Security announced that certain people who came to the United States as children and meet several key guidelines may request consideration of deferred action under DACA. See Patel v. Att'y Gen. of the U.S., 523 F. App'x 121, 123-24 (3d Cir. 2013) (per curiam).

Selvan-Selvan appealed the IJ's denial to the BIA, and the BIA affirmed. The BIA reasoned that reopening Selvan-Selvan's removal proceedings was not warranted because he had not demonstrated the prima facie case of eligibility for any form of relief from removal that the IJ or BIA had the power to grant and that removal was proper. Selvan-Selvan petitioned this court for review of the BIA's order.

## II. DISCUSSION

Selvan-Selvan asserts that the BIA abused its discretion in denying his motion to reopen. Having jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), we review the BIA's decision denying a motion to reopen for an abuse of discretion. Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008) (noting our jurisdiction to review an order denying a motion to reopen); Quinteros v. Holder, 707 F.3d 1006, 1009 (8th Cir. 2013) (stating our standard of review).

Selvan-Selvan contends that both the IJ and BIA erred in denying his motion to reopen on the grounds that they lacked jurisdiction to grant DACA relief. Selvan-Selvan asserts that he was not asking the IJ and BIA to grant him DACA relief, but rather he was motioning to reopen his removal proceedings to allow him to apply for DACA relief. A motion to reopen, however, must "present new facts that are material to the outcome of the proceeding and were neither available nor discoverable at the prior hearing." Quinteros, 707 F.3d at 1009 (internal quotation omitted). Here, the IJ noted that the evidence indicated that "ICE looked into [Selvan-Selvan's] eligibility for this relief but found [that] although he attended [high school], he stopped attending to work; he is not currently in school; has not obtained a GED; nor has [he] served or been honorably discharged from the Coast Guard or Armed Forces of the United States," and, was thus not eligible for the requested relief. The BIA affirmed

the IJ, recognizing that Selvan-Selvan had not presented additional evidence regarding his DACA claims. We too find that Selvan-Selvan's eligibility for DACA relief was previously considered, and the facts do not indicate a change in eligibility. Thus, the BIA did not abuse its discretion in denying Selvan-Selvan's motion to reopen.

Selvan-Selvan also asserts that his immediate removal after the IJ's opinion violated his due process and equal protection rights. Selvan-Selvan did not present these arguments to the BIA, and consequently they are not properly before us. Mambwe v. Holder, 572 F.3d 540, 551 (8th Cir. 2009) (concluding that we may not consider a due process claim relating to the IJ's proceedings that was not presented to the BIA).[2]

## III.  CONCLUSION

For these reasons, we deny Selvan-Selvan's petition for review.

—————————————————————

---

[2]Mambwe recognizes the split of authority in our circuit about "'whether the failure to raise an *issue* before the BIA is a jurisdictionally-fatal failure to exhaust an administrative *remedy* . . . [under] 8 U.S.C. § 1252(d)(1),' or if it 'simply raises the non-jurisdictional question whether review of that issue is precluded by the doctrine of administrative exhaustion.'" 572 F.3d at 550 (quoting Zine v. Mukasey, 517 F.3d 535, 539-40 (8th Cir. 2008)). This distinction, however, does not impact our analysis, because even assuming that Selvan-Selvan's failure to raise the issue is not jurisdictional, we see no reason why an exception to the issue exhaustion requirement would be warranted here, as his arguments have no merit. Id.