NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEKSIDA MNATSAKANYAN, | No. 15-73232 |
| Petitioner, | Agency No. A078-539-208 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026**
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Meksida Mnatsakanyan, a native and citizen of Armenia, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her second motion to reopen proceedings. The BIA determined that the motion was untimely and numerically barred, *see* 8 U.S.C. § 1229a(c)(7)(A)–(C)(i), and that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mnatsakanyan had not met her burden of showing materially changed country conditions, *see id.* § 1229a(c)(7)(C)(ii). We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for abuse of discretion. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). We deny in part and dismiss in part the petition for review.

1.      The BIA did not abuse its discretion in concluding that Mnatsakanyan failed to establish that changed country conditions in Armenia warranted reopening her removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(c)(ii). The BIA reasonably concluded that Mnatsakanyan's participation in a 2015 protest outside the Armenian consulate in the United States is a change in her personal circumstances, not a change in conditions in Armenia. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010). The BIA also reasonably concluded that evidence of the Armenian authorities' continued inquiries about Mnatsakanyan do not constitute a material "change" in conditions. *See Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016). Lastly, the BIA reasonably concluded that the country conditions reports and news articles describing corruption and political instability in Armenia do not show that conditions have materially changed or that those conditions relate to Armenians who have engaged in political activity abroad. *See Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008) (concluding country conditions evidence was immaterial to petitioner's claim where petitioner failed to show how

2                                                                    15-73232

he would be affected by the changed conditions described in the evidence).

2. We lack jurisdiction to review the BIA's denial of sua sponte reopening. The BIA's exercise of discretion to reopen sua sponte is unreviewable unless the decision was based on a "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020). The BIA appeared to construe Mnatsakanyan's request as one for humanitarian relief as a matter of prosecutorial discretion, which only the Department of Homeland Security may consider.[1] *See Matter of Quintero*, 18 I. & N. Dec. 348, 350 (BIA 1982) (explaining that "neither the immigration judge nor the Board" have jurisdiction over the DHS's exercise of "prosecutorial discretion"). Because the BIA's decision was legally sound, we lack jurisdiction to review that determination. *See Lona*, 958 F.3d at 1237.

**PETITION DENIED IN PART AND DISMISSED IN PART.[2]**

---

[1] In her petition before this court, Mnatsakanyan characterizes her request for reopening sua sponte as a claim for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(B). Because she did not assert that claim before the BIA, it is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023).

[2] The temporary stay of removal remains in place until the mandate issues.