NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2973
_____

BIKRAMJIT SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79-138-338)
Immigration Judge: Honorable Elizabeth Kessler

_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2010

Before: HARDIMAN, GREENAWAY, JR. and NYGAARD, *Circuit Judges*.

(Filed: November 2, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

        Bikramjit Singh petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying Singh's

motion to continue his removal proceeding. We will deny the petition.

## I.

Because we write for the parties, we recount only the facts and procedural history necessary to our decision.

A native and citizen of India, Singh was admitted to the United States in 1998 as a nonimmigrant visitor, for a period not to exceed three months. He stayed beyond that period working as a chef in Indian restaurants and eventually began the process to adjust his status, allowing him to work legally in the United States. His first employer filed a labor certification pursuant to 8 U.S.C. § 1182(a)(5)(A)(i) in April 2001, which was approved by the Department of Labor in July of that year. Singh then changed employers and his second employer filed a new labor certification in the summer of 2002, which was approved that December. However, in October, 2002, the former Immigration and Naturalization Services (INS) commenced removal proceedings by filing a Notice to Appear in immigration court.

In January 2003, Singh's second employer filed an I-140 visa petition on Singh's behalf. When Singh appeared before the IJ in May 2003, he admitted the factual allegations in the Notice to Appear, conceded removability, and requested a continuance of his removal proceedings pending the adjudication of his I-140. Singh's case was continued and he next appeared before the IJ in November 2003, but his I-140 was still pending. At that hearing, the IJ determined that Singh would be in the third preference category for visas (as an Indian chef, a skilled worker) and continued the hearing again. The second I-140 was finally approved in February 2004.

Singh then filed an I-485, Adjustment of Status application. On August 26, 2005, Singh appeared again before the IJ, who said he could not move forward on the I-485 Adjustment of Status application because no third preference visas were then available for Singh's priority date (June 17, 2002). Accordingly, the IJ granted another continuance and told Singh to be re-fingerprinted before the next hearing, since the fingerprints on file were out of date.

The record is unclear as to when Singh left his second employer, but it was apparently around September 2005. On October 12, 2005, the Immigration Court received a letter dated September 28, 2005 from Singh's second employer withdrawing the I-140 visa petition. Evidently, however, no copy of this letter was sent to Singh or the Department of Homeland Security (DHS). Prior to yet another IJ hearing on September 22, 2006, Singh filed a motion for continuance because no visa was then available to him. Two days before the hearing, when Singh's attorney called to inquire as to the status of the motion, he was informed of Singh's second employer's withdrawal of the I-140 visa petition. Singh then acquired a letter from his third employer, who indicated an intent to file another I-140 and personally appeared at the next hearing.

On September 22, 2006, the IJ held a hearing and issued an oral decision denying Singh's motion for continuance and I-485 Adjustment of Status application. The IJ denied the motion for continuance because she found that Singh was not then eligible for the relief he was seeking, stating: (1) "a new I-140 has not been filed for him. It is speculative at this point whether or not [a new I-140] would be approved;" and (2) "there

is not a Visa currently available in the category in which he'd be seeking one." IJ Opinion 4. The IJ denied the I-485 Adjustment of Status application, which she deemed was abandoned because (1) "the Respondent has failed to comply with the fingerprinting requirements;" and (2) "the petitioner [the second employer] withdrew the [I-140 visa] petition [so that there was] no current petition on which the Court could adjust status." *Id.* The IJ also expressed concern about whether Singh and his counsel had been candid with the Court, since the motion for continuance made no mention of the fact that Singh had changed jobs approximately a year earlier. *Id.*

Singh timely appealed the IJ's decision to the BIA. The DHS moved for a summary affirmance and Singh sought a remand. On June 5, 2008, the BIA dismissed the appeal in a per curiam order—holding that Singh had failed to establish good cause to grant a continuance—and denied his motion for remand—since no visas were available for his priority date of June 17, 2002.

Singh now appeals the BIA's order, arguing that the IJ abused her discretion and violated his due process rights in denying his motion for continuance and his I-485 Adjustment of Status application.[1]

II.

---

[1] Singh has not appealed the BIA's denial of his motion for remand, and therefore has waived that claim on appeal. *Holk v. Snapple Beverage Corp.* 575 F.3d 329, 337 n.5 (3d Cir. 2009) ("We have held that '[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (quoting *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

Where, as here, the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ. *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006) (citing *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc)). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and we review a denial of a continuance for abuse of discretion. *Ponce-Leiva v. Ashcroft*, 331 F.3d 357, 377 (3d Cir. 2003). "'The question of whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case.'" *Ponce-Leiva*, 331 F.3d at 377 (quoting *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988)).

We review due process claims arising from immigration appeals *de novo*. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595-96 (3d Cir. 2003).

A.

Singh's due process argument is unavailing because he has no liberty or property interest in the outcome of a discretionary decision by an IJ. "[A] cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen.*, 469 F.3d 94, 98 (3d Cir. 2006). Here, Singh sought a continuance based on his desire to adjust his immigration status. Ordinarily, the Attorney General has discretion to adjust an alien's status. *See* 8 U.S.C. § 1255(a); *Mudric*, 469 F.3d at 98-99. Likewise, the IJ has discretion and "may 'grant a motion for continuance for good cause

shown.'" *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008) (quoting 8 C.F.R. § 1003.29). When the decision to grant or withhold a benefit is entrusted to the discretion of a government actor, one has no constitutional property interest in obtaining that relief. *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). Nor do we find any support for the notion that Singh had a constitutionally protected liberty interest. Accordingly, his due process claim fails. *See Mudric*, 469 F.3d at 99 (noting that the petitioner "simply had no due process entitlement to the wholly discretionary benefits of which he [was] allegedly deprived.").

B.

We next consider Singh's argument that the IJ abused her discretion by denying his motion for continuance. The IJ found there were no visas available for Singh's priority date, and we find no error in that decision.

As Singh acknowledges, "the Immigration Judge is not required to continue a case if no immediate visas are available in principle." Pet'r. Br. 9. The lack of immediately available visas for Singh's priority date was, in and of itself, sufficient reason for the IJ to deny a continuance. *Matter of Quintero*, 18 I. & N. Dec. 348, 350 (BIA 1982) ("[T]he fact that the respondent has an approved visa petition does not entitle him to delay the completion of deportation proceedings pending availability of a visa number."); *see also Khan*, 448 F.3d at 235 (holding that the IJ had not abused his discretion by denying a continuance when the petitioner failed to show that "a visa is 'immediately available' to him or even that one will be available to him at some estimable time in the future");

6

*Ponce-Leiva*, 331 F.3d at 377 (affirming the IJ's denial of a continuance for the alien to obtain counsel when "*one of* the circumstances which the immigration judge apparently factored into his decision to deny the continuance was the facial lack of merit in Ponce-Leiva's application for asylum" (emphasis added)).[2]

Having found that the unavailability of visas for Singh's priority date was sufficient reason for the IJ to deny his motion for continuance, we need not address Singh's arguments regarding the portability of his previously-approved I-140 visa petition or the abandonment of his I-485 Application for Adjustment of Status. Even had the previously-approved I-140 and its priority date been deemed portable, no visas were available. Further, as discussed above, the IJ enumerated multiple reasons for denying the motion for continuance, one of which was that "there is not a Visa currently available in the category in which he'd be seeking one." IJ Opinion 4. The lack of an available visa is also a sufficient reason for the IJ's denial of Singh's Application for Adjustment of Status. Because the IJ found there was no available visa—a proper basis for denying the

---

[2] Subsequent to its ruling in this case, the BIA provided a non-exhaustive list of factors for an IJ to consider in evaluating the propriety of a continuance: "(1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Matter of Rajah*, 25 I. & N. Dec. 127, 130 (BIA 2009) (quoting *Matter of Hashmi*, 24 I. & N. Dec. 785,790 (BIA 2009). The BIA also reiterated that a visa must be immediately available to establish eligibility for adjustment of status. *Id.* at 132, 134. We find no conflict between this subsequent holding and the IJ's decision in this case.

7

adjustment—before deeming the application abandoned,[3] we need not reach the question

of whether that subsequent determination was in error.

For the foregoing reasons, we will deny Singh's petition for review.

---

[3] "Also, there is not a Visa currently available in the category in which he'd be seeking one. . . . The Court is also going to find that the Respondent's Application for Adjustment of Status is denied as abandoned." IJ Opinion 4. "It is FURTHER ORDERED that the Respondent's Application for Adjustment of Status under INA Section 245 shall be denied *and* deemed abandoned." *Id.* at 5 (emphasis added).